595 So.2d 334 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
James E. MOORE, Defendant-Appellant.
No. Cr91-397.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Tony C. Tillman, Tillman & Anderson, Leesville, for defendant-appellant.
Mark Kramar, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns guilty pleas to ten misdemeanor thefts of items having a value of less than $100, violations of LSA-R.S. 14:67(B)(3) and five counts of simple burglary, violations of LSA-R.S. 14:62. The sentencing court sentenced defendant, James E. Moore, as follows: 1) on the simple burglary convictions defendant received six years at hard labor, to run concurrently; 2) on the first six misdemeanor thefts defendant was ordered to serve six concurrent six month sentences in the parish jail and pay a fine of $250 and court costs on each, to run consecutively with the simple burglary sentences and the jail sentence suspended with two years supervised probation with special conditions and restitution under an unspecified pay plan; 3) on the next three misdemeanor thefts defendant was sentenced to three concurrent six month periods, to run consecutively with the simple burglary sentences and consecutive to the six misdemeanor sentences, suspended, a $250 fine and court costs on each; two years supervised probation (with special conditions) to run concurrently with the earlier probationary period and to begin upon release; and, 4) on the last misdemeanor conviction, a six month suspended sentence to run consecutively to the simple burglary sentences, the six misdemeanor theft sentences and the three misdemeanor theft sentences, with two years supervised probation (with the same special conditions) to begin upon the expiration of the aforementioned probationary periods.
*335 Defendant appeals, contending the trial court erred in not granting his motion to suppress the evidence and in imposing constitutionally excessive sentences. We affirm defendant's convictions, finding that defendant failed to reserve his right to contest the trial court's ruling on the motion to suppress. However, we vacate defendant's sentences finding errors patent, and remand for resentencing.

FACTS
At approximately 1:00 a.m. on April 15, 1990, Louisiana State Trooper Daniel Cedars saw a Dodge Omni leave a private driveway from the Double A Storage buildings on Highway 171 near Leesville. Trooper Cedars stated that as the car came out of the driveway without stopping, he estimated that it was traveling between twenty and twenty-five miles per hour. Because of the high rate of speed of the vehicle as it entered the highway, Trooper Cedars decided to stop the car.
The Dodge Omni contained four people. The defendant-driver and two passengers were in the front seat; another passenger was subsequently seen in the back seat, partially concealed by various boxes and packages. After stopping the vehicle, Trooper Cedars testified that he contacted another officer who met him at the scene. The additional officer was then sent to the storage buildings, where it was determined that several locks had been cut, and storage buildings had been broken into.
Trooper Cedars obtained the consent of defendant to search the vehicle. Boxes of goods, later related to be items which had been in the locked storage buildings, were seen in plain view. Additionally, a search of the vehicle yielded two bags of marijuana; one was found underneath a seat in the vehicle, and the other was discovered on the ground beneath the vehicle.
Defendant and the other occupants of the vehicle were arrested.
Three bills of information were ultimately brought against defendant, charging him with sixteen counts of simple burglary; eleven counts of theft of goods valued over five hundred dollars; two counts of theft of goods valued between one hundred and five hundred dollars; and, one count of theft of goods valued less than one hundred dollars.
Defendant waived formal arraignment and pleaded not guilty to the charges contained in the bills of information. Subsequently, defendant filed a motion to suppress evidence which was denied by the trial court on the ground that the motion had been heard and ruled upon in a connected criminal action brought against defendant for his possession of marijuana seized at the time of defendant's arrest.
Eventually, defendant withdrew his former pleas of not guilty and entered guilty pleas to five counts of simple burglary and ten counts of misdemeanor theft.[1] Pursuant to the plea agreement, the State announced to the trial court its intention to dismiss the remaining charges brought against defendant.
After being sentenced, defendant perfected this appeal.

MOTION TO SUPPRESS
Defendant first contends that the trial court erred in denying his motion to suppress evidence. We pretermit defendant's argument, finding it improperly before us.
In the case of State v. Williams, 498 So.2d 1201, 1202 (La.App. 3rd Cir.1986), we stated:
"It is well established that a guilty plea waives all non-jurisdictional defects in the proceedings prior to entry of the guilty plea and precludes review of such defects either by appeal or by post-conviction remedy. State v. Jenkins, 419 So.2d 463 (La.1982); State v. McKinney, 406 So.2d 160 (La.1981); State v. Crosby, 338 So.2d 584 (La.1976); State v. Champagne, *336 461 So.2d 1059 (La.App. 3rd Cir. 1984). A defendant may be allowed appellate review if at the time he enters a plea of guilty, he expressly stipulates that he does not waive his right to appeal a previous adverse ruling in the case. State v. McKinney, supra; State v. Crosby, supra."
We have carefully reviewed the transcript of defendant's guilty pleas, and find that he did not expressly preserve his right to appeal the denial of the motion to suppress at the time of his plea. Therefore, we find that since defendant failed to properly preserve his right of appellate review of the ruling on the motion to suppress, he has no right to now seek appellate review of the trial court's ruling.

EXCESSIVE SENTENCE REVIEW
Article 1, Section 20 of the Louisiana Constitution prohibits the imposition of an excessive sentence. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice, or where the sentence makes no measurable contribution to the acceptable goals of punishment and involves nothing more than the needless and purposeless imposition of pain and suffering. State v. Lawrence, 584 So.2d 334 (La.App. 3rd Cir.1991), writ denied, 586 So.2d 566 (La.1991).
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and the sentence will not be disturbed in the absence of an abuse of discretion. Id.
LSA-C.Cr.P. Art. 894.1 sets forth items which must be considered by the trial court before imposing sentence. The sentencing court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Parker, 581 So.2d 314 (La.App. 1st Cir.1991).
In the case sub judice, the record shows that the sentencing court failed to individualize defendant's sentences for the ten misdemeanor thefts under article 894.1. After reviewing the circumstances of the crimes, the court stated:
"[THE COURT]
All right, James, you're nineteen years of age, is that correct?
BY MR. MOORE:
Yes Sir.
Here, again, this young man has no prior felony offense. He has a couple of bond forfeitures, ... You're younger than the others but you do have someyou've had some brushes with the law, so to speak, at your young age. There was a marijuana conviction, is that correct?
BY MR. MOORE:
No sir.
Oh? James Moore. Have you had a has Mr.Mr. Tillman has looked at this I know.
* * * * * *
Well, I see, maybe I recited it ... you were originally charged with possession of marijuana, that was amended to criminal trespass.
* * * * * *
Is that correct, James?
BY MR. MOORE:
Yes sir.
In DistrictFederal District Court.
BY MR. MOORE:
Yes sir.
And that was in April 1990.
Yes sir.
About the same time all this occurred?
Yes sir.
And then there are some traffic violations, a couple of criminal mischief charges.... I don't take any pleasure in sending a young man like this to the penitentiary, but I didn't do ithe did it himself, and again, owing to the multiplicity of the counts, I think that it would deprecate the seriousness of the offenses were I simply to probate everything. They may not realize it, but I'm granting a measure of leniency by making all of these things to run concurrent. That is, the felony counts. If you are ready for sentencing at this time, I'll sentence you as follows:"
*337 Since the sentencing court failed to adequately articulate its sentencing reasons according to the factors enumerated in article 894.1, we vacate the felony and misdemeanor sentences and remand the case for resentencing in accordance with article 894.1.

ERRORS PATENT REVIEW
In reviewing the record, we find two errors patent that also are grounds for vacating defendant's sentences and remand for resentencing. In sentencing defendant, the sentencing court stated:
"On each of the five burglary counts, one in [bill of information] 44,778, two in [bill of information] 44,779 and one in [bill of information] 44,780 the sentence is that you serve six years at hard labor in the Louisiana Department of Public Safety and Corrections."
The discrepancy in pronouncing sentence on five burglary convictions but enumerating only four creates an ambiguity and would require vacating the sentences and remand the case for resentencing.
The second errors patent concerns the sentencing court's ordering defendant to make restitution for the ten misdemeanor convictions under an unspecified payment plan. Because LSA-C.Cr.P. Art. 895.1 is clear that the sentencing court must announce the payment formula in ordering restitution under a payment plan, we remand the case with instructions that a specified payment schedule be imposed if restitution is ordered.
For the foregoing reasons, we affirm defendant's convictions, but vacate the sentences and remand the case for resentencing.
CONVICTIONS ARE AFFIRMED; SENTENCES ARE VACATED AND THIS CASE IS REMANDED TO THE TRIAL COURT FOR RESENTENCING.
NOTES
[1] The bills of information were never amended to reflect the plea agreement. Nevertheless, we find that this was unnecessary since defendant pleaded to charges which were lesser included offenses to the original charges brought against him. LSA-C.Cr.P. Art. 558; State v. Price, 461 So.2d 503 (La.App. 3rd Cir.1984).