741 So.2d 860 (1999)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jean BOUDREAUX, Defendant-Appellant.
No. 98-1932.
Court of Appeal of Louisiana, Third Circuit.
June 16, 1999.
Ronald E. Dauterive, Michael Harson, Lafayette, for State of Louisiana.
Edward John Marquet, Joseph Frazer Gaar Jr., Lafayette, for Jean J. Boudreaux.
BEFORE: YELVERTON, SAUNDERS and DECUIR, Judges.
*861 SAUNDERS, Judge.
Defendant, Jean Boudreaux, is again before this court seeking review of the trial court's imposition of restitution in the amount of $33,946.90 as a condition of her probation. In Defendant's original appeal, this court affirmed her conviction and sentence for forgery, but vacated the trial court's imposition of restitution since restitution was imposed when Defendant was not present. State v. Boudreaux, an unpublished opinion cited as 98-40 (La.App. 3 Cir. 6/3/98); 717 So.2d 714. Upon remand, this court instructed the trial court that "in the event it decides to impose restitution as a condition of probation pursuant to La.Code Crim.P. art. 896, the defendant must be present, and the trial court is to establish a specified payment plan." Id. at p. 5. Pursuant to that order, on July 1, 1998, the trial court ordered Defendant to pay restitution in the amount of $33,946.90 as a condition of her probation. The trial court further ordered the amount to be repaid at the rate of $700.00 per month. Defendant objected to the amount of restitution, arguing that it covered checks for which Defendant was not charged. The trial court denied this objection. Defendant now appeals the imposition of restitution, arguing one assignment of error.

ASSIGNMENT OF ERROR
The trial court erred in the ordering of restitution for the uncharged misconduct of forgery by false making.

FACTS
The following facts are taken from this court's original opinion:
Defendant, Jean Boudreaux, was employed as the secretary/office manager for Marlow Corporation, which operated the James M. Cunningham, Inc. Royalty Account [Royalty Account].[1] She was paid $3,050 month, in one monthly check, for her services at Marlow Corporation, funds of which were drawn on the Royalty Account. Upon inspection of the May 1995 bank statement for the Royalty Account, Ruffin T. Lowery, the owner of Marlow Corporation, noticed that two canceled checks were missing. Lowery approached the defendant concerning the missing checks and was told she would retrieve copies of the missing checks from the bank. Later that same day, the defendant gave Lowery copies of checks alleged to be the missing checks. Lowery, upon discovering the checks were made out to two businesses to whom he did not believe money was currently owed, became suspicious and went to the bank to personally request a copy of the two missing checks that had been processed by the bank. The copies provided by the bank showed that the missing checks were made payable to the defendant, which she had endorsed and deposited into her personal checking account. In response to the advice of his accountants, Lowery arranged for an unannounced audit of the Royalty Account. The results of the audit showed that, between January 1, 1995 and June 30, 1995, $33,946.90 worth of unauthorized checks were written to the defendant and the funds were later deposited into her personal account. Apparently, in an attempt to dispel suspicion, each unauthorized check was pulled from the current bank statement and replaced with an old canceled check which had been altered to match the current bank statement which, at times, had likewise been altered.
Id. at pp. 1-2.

ASSIGNMENT OF ERROR
Defendant contests the amount of restitution ordered as a condition of probation. *862 She argues the trial court erred in ordering restitution for the uncharged conduct of forgery by false making. Defendant explains that the bill of indictment charged her with forgery by altering checks and not forgery by false making. In support of this claim, Defendant cites this court's opinion affirming Defendant's conviction, in which this court stated Defendant was guilty of forgery by altering certain checks and not by false making. Defendant then states she was charged and convicted with altering only two checks; and, therefore, should be ordered to pay restitution on those two checks only.
Although no written motion to reconsider sentence was filed, defense counsel orally objected after the restitution was imposed, arguing that restitution should not be imposed for the uncharged conduct of forgery by false making. Defendant did not argue that she was charged and convicted with altering only two checks. Thus, this claim (that she was charged with altering only two checks) has not been properly preserved for appeal. We first address Defendant's claim that she should not have been ordered to pay restitution for the uncharged conduct of forgery by false making.
Defendant's claim lacks merit. Although it is not clear, Defendant seems to be distinguishing between the unauthorized checks she wrote to herself (forgery by false making) and the canceled checks she altered to conceal the false making. Because she was not charged with the false making, she argues that she should not have to pay restitution for damages caused by that conduct. In Defendant's appeal, this court noted that Defendant was not charged and, therefore, could not be convicted of forgery by false making. However, the evidence of Defendant's false making was relevant to establish motive for the person who altered the canceled checks (the offense for which Defendant was charged and convicted). This court further explained that Defendant altered the canceled checks to conceal the unauthorized checks she had written to herself. This court explained the forgery scheme as follows:
[T]he defendant would write herself checks and then deposit them into her personal account. [citation omitted]. Then, after the original bank statements came in, the defendant altered the bank statement and then copied it. She then took a previously canceled check and altered it. She removed the original canceled check, which she had written to herself, from other original checks and replaced it with the altered, previously canceled checks, with the altered copy of the bank statement to make it appear that the checks and the bank statement reconciled.
Boudreaux, 98-40 at pp. 9-10.
Even though Defendant was not charged with the false making of the checks for which she actually received cash, she was charged with altering canceled checks in order to facilitate her forgery scheme. As noted by this court's original opinion, "La. Code Crim.P. art. 895 grants the trial judge authority to impose as a specific condition of probation payment of a `reasonable... restitution to the aggrieved party for damage or loss caused by his offense ...' (Emphasis added)." Id. at p. 5, n. 2, Citing State v. Alleman, 439 So.2d 418 (La.1983); State v. Labure, 427 So.2d 855 (La.1983). Because the offense committed by Defendant facilitated the forgery scheme by which she caused $33,496.90 worth of loss to the victim, the damage suffered by the victim was caused by the offense committed by Defendant. Thus, the trial court was correct in ordering restitution in the amount of $33,496.90.
Defendant argues she was charged and convicted with altering only two checks. As stated earlier, Defendant has not properly preserved this claim for review because of her failure to raise this claim in the trial court. Furthermore, even if the claim had been properly preserved for review, Defendant has not sufficiently *863 briefed the issue. Defendant states only that she was charged and convicted with altering two checks. She does not specify which two checks she is referring to. As discussed below, there were more than two checks altered during the time frame charged in the bill of indictment. Thus, without specifying which two checks she is referring to, Defendant has not sufficiently briefed this issue.
Finally, upon examination of the record before this court, this claim of being convicted of altering only two checks lacks merit. The bill of indictment charges Defendant with forgery by altering certain checks between the months of January 1995 and June 1995. The indictment does not specify the number of checks altered. This court affirmed Defendant's conviction for forgery by altering certain checks, but did not specify the number of checks altered. Although Defendant does not specify which two checks she is referring to, in its brief the State assumes Defendant is referring to the two checks she presented to the victim when the victim initially inquired about two missing checks from a bank statement. According to the victim's testimony, when he checked the pertinent bank statement, he noticed two checks were missing. The victim asked Defendant where the missing checks were. Defendant responded that she did not know, but that she would get a copy from the bank. Later, Defendant gave the victim two canceled checks, which she claimed were the missing checks. Because the checks were made payable to companies to which the victim did not believe he currently owed money, the victim did not believe the two canceled checks were the checks that were actually run through the bank account. The victim investigated further by asking the bank for the checks that were actually processed through the bank. Later, someone from the bank delivered the actual checks to the victim. Those checks were made payable to Jean Boudreaux and endorsed by her and deposited in Whitney Bank.
With this information, the victim sought the advice of an accounting firm. As a result, Deborah Gordon performed an audit of the victim's bank statements and canceled checks. It is clear from the testimony that between January 1995 and June 1995, the dates charged in the bill of indictment, Defendant altered more than two checks to facilitate her forgery scheme. According to Ms. Gordon's testimony, the total amount taken by Defendant during the charged period was $33,496.90. Thus, the trial court's imposition of restitution in that amount was proper.
For the above reasons, this assignment of error lacks merit.

DECREE
The trial court's imposition of restitution in the amount of $33,496.90 as a condition of the Defendant's probation is affirmed.
AFFIRMED.
NOTES
[1] During the time period in question, the defendant was a signatory on the James M. Cunningham, Inc. Royalty Account. In order for a check to be properly payable by the bank, the check required two signatures. The registered signatories were the defendant, Ruffin T. Lowery, the owner of Marlow Corporation, and a facsimile of Lowery's signature.