758 So.2d 310 (2000)
STATE of Louisiana
v.
Kyle C. BRACK.
No. CR99-1103.
Court of Appeal of Louisiana, Third Circuit.
March 1, 2000.
*311 Mark Kramar, Assistant District Attorney. Leesville, Louisiana, Counsel for the State.
Lisa Nelson, Leesville, Louisiana, Counsel for Defendant.
Court composed of NED E. DOUCET, Chief Judge, BILLIE C. WOODARD, and MICHAEL G. SULLIVAN, Judges.
SULLIVAN, Judge.
Kyle Brack appeals his sentences for one count of theft of property valued in excess of $500.00 and one count of contributing to the delinquency of a juvenile. For the reasons that follow, Defendant's sentences are vacated and this matter is remanded for re-sentencing.

FACTS
On October 26, 1998, Defendant was charged by bill of information with one count of theft of property valued in excess of $500.00, two counts of theft of property valued in excess of $100.00 but less than $500.00, all violations of La.R.S. 14:67, and one count of contributing to the delinquency of a juvenile, a violation of La.R.S. 14:92(A)(11)(b). He pled not guilty to the charges on November 16, 1998. However, on January 19, 1999, he withdrew his former pleas of not guilty and entered pleas of guilty to count one, theft of property valued in excess of $500.00, and count four, contributing to the delinquency of a juvenile. Counts two and three were dismissed. On March 24, 1999, Defendant was sentenced as follows:
Count One (theft over $500.00)Seven years at hard labor, a fine of $1,000.00, court costs, and restitution to the victim in the amount of $1,000.00.
Count four (contributing to the delinquency of a juvenile)Two years at hard labor, a fine of $500.00 and court costs.
The trial court ordered the sentences to run concurrently, and Defendant was recommended for the Impact program. Defendant filed a Motion to Reconsider Sentence. Pursuant to that motion, the trial court re-sentenced Defendant as follows:
Count oneSeven years at hard labor, $500.00 fine, plus court costs. Three years of the sentence was suspended, and Defendant was placed on supervised *312 probation for three years, subject to mandatory and permissive conditions.
Count fourTwo years at hard labor, a $500.00 fine and court costs. The two-year prison term was suspended, and Defendant was placed on supervised probation for three years.
The sentences were ordered to run concurrently. Defendant was again recommended for the Impact program. Mandatory and permissive conditions were imposed on Defendant with regard to his probation; the trial court ordered Defendant to serve "one year at the pleasure of the court."
Thereafter, Defendant filed another Motion to Reconsider Sentence, which was denied. He then perfected this appeal.

ERRORS PATENT
As required by La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Our review revealed a number of errors patent involving Defendant's sentence.
First, the trial court failed to vacate the originally imposed sentence before re-sentencing. When a trial court fails to vacate an original sentence before re-sentencing, the second sentence is null and void, and the original sentence remains in effect. State v. Walton, 98-1433 (La.App. 3 Cir. 3/24/99); 738 So.2d 36, writ denied, 99-1195 (La.10/1/99), 748 So.2d 434; So.2d .
There are situations in which it would be appropriate to allow the original sentence to remain in effect without remanding for re-sentencing. In Walton, the trial judge re-sentenced the defendant to the same number of years in prison. This court determined that the defendant would not be prejudiced by leaving the original sentence in effect, so there was no need to remand the matter for re-sentencing. Instead, the original sentence was to be served by the defendant.
In this matter, Defendant's sentence on re-sentencing was less than the original sentence; therefore, he would be prejudiced by allowing the original sentence to remain in effect. Accordingly, the sentence imposed upon re-sentencing is hereby vacated as null and void, and the case remanded for re-sentencing.
Our review for errors patent revealed other errors patent that should be considered by the trial court when re-sentencing Defendant. First, the sentence originally imposed upon Defendant for count one required that he pay restitution to David Cabra, the victim of that crime. "A trial court may not require restitution to the victim `unless the imposition or execution of sentencing is suspended.'" State v. Narcisse, 97-3161, p. 1 (La.6/26/98); 714 So.2d 698, 699 (citations omitted). The original sentence was not suspended; therefore, it was improper to order restitution as part of Defendant's sentence.
Next, when the trial court re-sentenced Defendant he ordered, as a condition of probation, that Defendant "serve one year at the pleasure of the court." This condition subjects Defendant to a term of imprisonment in excess of the statutory maximum for contributing to the delinquency of a juvenile. Defendant was sentenced to two years at hard labor, the maximum term of imprisonment, for this offense. La.R.S. 14:92(E)(2). The sentence was suspended, and he was placed on supervised probation for three years. In State v. Alexander, 95-1099, p. 2 (La. App. 3 Cir. 12/26/96); 687 So.2d 527, 528, this court, citing State v. Diaz, 615 So.2d 1336 (La.1993), found such a sentence to be illegally excessive, stating "a district court may not impose a suspended sentence and require the defendant to spend additional time in jail as a condition of probation if the overall effect is to expose the defendant to a greater term of imprisonment than provided by the statute violated."
Additionally, the trial court ordered that Defendant's payment of restitution to *313 David Cabra, fees to the Indigent Defender Board, his fines and court costs be made "pursuant to a pay plan set up and approved through the probation officer and approved by the court" was insufficient to establish a specified payment plan as required by La.Code Crim.P. art. 895.1. State v. Moore, 595 So.2d 334 (La.App. 3 Cir.1992), appeal after remand, 614 So.2d 145 (La.App. 3 Cir.1993); State v. Lozado, 594 So.2d 1063 (La.App. 3 Cir.1992).
Defendant's assignment of error that his sentence is excessive is pretermitted by our determination that his sentence must be vacated and the matter remanded for re-sentencing in accordance with this opinion.
For the foregoing reasons, we affirm Defendant's conviction, but vacate his sentences and remand this case to the trial court for re-sentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; CASE REMANDED FOR RE-SENTENCING.