COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

STEVEN R. THOMAS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8296-03
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion, Judges.

RESTITUTION VACATED.
REMANDED.

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**Telephone: (337) 991-9757**
**COUNSEL FOR:**
        **Defendant/Appellant - Steven R. Thomas**

**Ronald Augustin Rossitto**
**District Attorney**
**14th Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
        **Plaintiff/Appellee - State of Louisiana**

THIBODEAUX, Chief Judge.

The Defendant, Steven R. Thomas, pled no contest to "simple burglary occurring between January 5, 2003 and March 10, 2003 involving OB's Deli, Seafood Palace, Poonie's Touch of Class and Y2K." The charges were contained in an amended bill of information. The original bill of information charged the Defendant with three counts of simple burglary, one count of attempted simple burglary, two counts of theft over five hundred dollars, and two counts of criminal damage to a coin-operated machine. The State dismissed the charges in the original bill of information to which the Defendant did not plead. He was sentenced to a suspended eight year prison term and ordered to pay restitution to the victims named in the amended bill of information and to victims who were not named but who apparently were part of the original bill of information.

He appeals the restitution portion of his sentence. For the following reasons, we vacate the order to pay restitution to victims other than those victims named in the amended bill of information. However, because the plea agreement is unclear, we remand this case to the trial court for an evidentiary hearing to determine the specific elements of the agreement.

## ISSUES

We shall consider whether:

(1)    the trial court erred in ordering restitution to businesses not named or encompassed in the amended bill or the factual basis for the no contest plea;

(2)    the trial court erred in ordering an amount of restitution exceeding the established loss to the victim; and,

(3)    the trial court erred in ordering an amount of restitution that is so large that the probationer is destined for failure at the outset.

## FACTS

Because the Defendant pled no contest to the charges in the amended bill of information, the facts are taken from the transcript of the plea proceedings as follows:

MRS. WILSON:

Your Honor, between January 5th and March 10th of 2003 this defendant was involved in the unauthorized entering of the following businesses: OB's Deli, Seafood Palace, Poonie's Touch of Class, and Y2K, all businesses located in Calcasieu Parish. The entrances were, as I said before, unauthorized and they were with the intent to commit a felony or theft therein.

There are no facts discernible from the record which underlie the charges, additional to those presented above.

## ERRORS PATENT

After reviewing the record, we find there are two errors patent.

First, a portion of the Defendant's sentence was imposed without the Defendant being present. On December 10, 2004, the Defendant was present when the trial court imposed the principal sentence of eight years, four years suspended and five years of probation. The trial court imposed several conditions of probation, including the payment of restitution to several victims. The trial court set the restitution hearing for a later date. At two subsequent hearings, the Defendant was ordered to pay restitution to several different victims. The Defendant was present for both proceedings. The Defendant was ordered to pay restitution as follows:

Poonie's Touch of Class - $2,508.00
O.B.'s - $15,462.28
Y2K - $906.00

Martini's - $9,549.00
LaNormandie - $3,721.00
Seafood Palace - $700.00

Subsequently, on May 18, 2005, the trial court held a hearing on the

Defendant's Motion to Reconsider Sentence. The Defendant's presence was waived

by his attorney. At the conclusion of the hearing, the trial court stated the following:

**THE COURT:**

The Court had granted a Motion to Reconsider to allow the information. It is noted at the time of the original proceeding that documentation was submitted. There had been an objection to hearsay. The Court had overruled the objection allowing the documents to be presented in the course and scope of business being an exception to the hearsay rule.

The objection was noted by the defendant. In his Motion to Reconsider, he had ask the Court to review the information since he did not have the opportunity to cross-examine. And the Court upon reflecting on the totality of the submissions felt it appropriate that more -- a right of adversarial proceedings would be appropriate and there [sic] ask that the hearing be reopened as we have had today.

The Court has heard from the individuals responsible or having the personal knowledge of the respective losses with regard to the burglary and has accepted that the losses to Gene Kyle, Inc., which may have been inappropriately indicated earlier to Martini's, but actually was incurred by Gene Kyle, Inc. the total of $12,393.14.

And they will be made part of the restitution of the probationary program that was placed upon Mr. Thomas for repayment.

In addition, the losses to La Normandie which were incurred by LP Gaming or Lance Palermo, d/b/a LP Gaming, are found to be consistent with the documentation that's been prepared by his organization in the amount of $3,721.00, and the Court would so order that that be designated as a loss with regard to that victim.

The OB's Deli, or Mr. Gary McQuiston d/b/a as that entity, as heard from him, based on the information the two different amounts of restitution, one, the $15,462.28 that was actually paid by his insurance carrier -- I don't recall

the name of that carrier -- will be designated as a restitution recipient.

**MR. WILSON:**

It's Louisiana Companies, Your Honor.

**THE COURT:**

Represented by the agency, Louisiana Companies and a total of $2,500.00 directly back to Mr. McQuiston, his including not only damages to the machines but also, based on his testimony, damages to the physical premises themselves as far as the entry. And it is noted that he did not have the actual cash loss, that being involved in the arrest of the defendant.

For those reasons, they will be encompassed in the previous amounts that have been agreed to by the defendant and made part of the restitutionary program on a payment schedule to be prepared by Probation and Parole and submitted to the Court for approval before implementation and those amounts will be collected by Probation and Parole and submitted to the appropriate victims as part of the conditions of probation that were placed upon Mr. Thomas in his sentence.

The trial court subsequently clarified that the $15,462.28 awarded to Louisiana Companies included the $2,500.00 owed to Mr. McQuiston. Thus, the Defendant owed $2,500.00 to Mr. McQuiston and the balance to Louisiana Companies.

Louisiana Code of Criminal Procedure Article 835 provides for the Defendant's presence when sentence is pronounced:

In felony cases the defendant shall always be present when sentence is pronounced. . . . If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.

The imposition of restitution is considered a part of the defendant's sentence, for which the defendant must be present. *State v. Fortier*, 03-882 (La.App. 5 Cir. 11/25/03), 862 So.2d 170. *See also State v. Boudreaux*, 98-1932 (La.App. 3 Cir. 6/16/99), 741 So.2d 860. In *State v. McIntyre*, 567 So.2d 800 (La.App. 3 Cir. 1990), this court stated the purpose of Article 835 is "to insure that defendant has an

adequate opportunity to present evidence and to dispute the accuracy of the sentencing judge's reasons for sentencing and to insure that defendant is apprised of the charge for which punishment is imposed." *Id.* at 801 (citations omitted).

Article 835 does not specifically provide for a defendant's presence at a motion to reconsider sentence. In an opinion rendered by the second circuit, the court held that the defendant's presence was *not* required when the trial court ruled on a motion to reconsider sentence. *State v. Bradford*, 29,654 (La.App. 2 Cir. 9/24/97), 700 So.2d 1046. We agree that if the trial court simply rules on the motion to reconsider without pronouncing a new sentence, Article 835 does not require the defendant's presence. If, however, the trial court pronounces a new sentence at the motion to reconsider hearing, we conclude the defendant's presence is required by Article 835.

Thus, the question that must be answered in the present case is whether the trial court imposed a new sentence at the motion to reconsider hearing. It appears that the main objective of the proceeding was to rename the victims to whom restitution was owed. This objective was accomplished with respect to the restitution awarded to LP Gaming (formerly referred to as LaNormandie) and Louisiana Companies as well as Mr. McQuiston (formerly referred to as O.B.'s). As for the restitution awarded to Gene Kyle, Inc. (formerly referred to as Martini's), however, the restitution amount awarded at the motion to reconsider hearing was an *increase* from the amount awarded at the prior restitution hearing. At the prior restitution hearing, the trial court awarded Martini's $9,549.00. At the motion to reconsider hearing, however, the trial court awarded Gene Kyle, Inc. (formerly Martini's) $12,393.14. Because of the increased amount, we find that the trial court actually resentenced the Defendant at the motion to reconsider hearing with respect to the

restitution awarded to Gene Kyle, Inc. Hence, the Defendant's presence was required by Article 835 and that portion of the sentence was illegally imposed.

The question arises whether the entire sentence must be vacated or only the portion illegally imposed. In *State v. Jenkins*, 451 So.2d 1142 (La.App. 3 Cir. 1984), *writ denied*, 456 So.2d 1018 (La.1984), this court found that the entire sentence must be vacated and the case remanded for resentencing when the fine alone was illegal:

> The defendant contends that the trial court erred in setting aside both the jail terms and the fines. He asserts that in correcting an illegal sentence, the trial judge is only authorized to correct that portion of the sentence which exceeds the statutory maximum. He urges that the trial court was authorized to reduce the fine, but that the two thirty-day jail terms, being within the statutory limit, could not be disturbed. This contention is without merit.
>
> A sentence is ". . . the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt." LSA-C.Cr.P. Art. 871. The penalties imposed on the defendant herein consisted of a jail term and a fine. The two sanctions comprise a single sentence. In *State v. Johnson*, 220 La. 64, 55 So.2d 782 (1951), the Supreme Court stated:
>
> > In any criminal case it is the mandatory duty of the district judge upon conviction of a defendant to impose a sentence authorized or directed by law, and, if he does not impose a sentence authorized or directed by law, the sentence is illegal, and the case is in the same condition as if no sentence at all has been imposed, and it must be remanded to the district court so that the judge may impose a legal sentence.
>
> The foregoing language makes clear that when a sentence is found to be illegal, the entire sentence is vacated. Thus, the trial court was correct in vacating both the jail terms and the fines imposed on original sentencing.

*Id.* at 1144-45. *Cf. State v. August*, 03-1478 (La.App. 3 Cir. 4/7/04), 870 So.2d 553, where this court vacated the entire sentence and remanded for resentencing when the

6

trial court failed to impose a fine as mandated by statute. This court has also required an entire sentence be vacated when the trial court fails to set the amount of restitution. *State v. Karam,* 02-163 (La.App. 3 Cir. 7/31/02), 834 So.2d 1003 and *State v. Dauzat,* 590 So.2d 768 (La.App. 3 Cir. 1991), *writ denied,* 598 So.2d 355 (La.1992).

In the case cited above, the sentence was either illegal (*State v. Jenkins*) or was not fully imposed (*State v. August*; *State v. Karam*; *State v. Dauzat*). In this case, the restitution imposed is not necessarily illegal because of the ambiguity in the plea agreement, nor has it not been omitted or fully imposed. Thus, as we see it, there is no conflict with *Jenkins, Karam,* or *Dauzat*.

Instructive is *State v. Boudreaux*, 98-1932 (La.App. 3 Cir. 6/16/99), 741 So.2d 860. This court addressed Boudreaux's second appeal, noting the following about Boudreaux's first appeal:

> In Defendant's original appeal, this court affirmed her conviction and sentence for forgery, but vacated the trial court's imposition of restitution since restitution was imposed when Defendant was not present.

*Id.* at 861 (citation omitted).

Thus, when this court remanded Boudreaux's sentence in the first appeal, this court vacated only the restitution portion of the sentence. Likewise, when the trial court fails to establish a payment schedule for restitution or other fees ordered as a condition of probation, this court has simply remanded for the establishment of such a schedule, without vacating the entire sentence. *State v. Dean,* 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La. 5/26/00), 762 So.2d 1101. Thus, this court has not required resentencing of the entire sentence in all circumstances.

By increasing the amount of restitution awarded to Gene Kyle, Inc. at the motion to reconsider hearing, the trial court resentenced the Defendant, therefore, the

Defendant's presence was required by La.Code Crim.P. art. 835. Accordingly, we remand for a consideration of the imposition of restitution.

Second, the trial court failed to establish a payment schedule for the restitution and fees ordered as conditions of the Defendant's probation. At the original sentencing hearing, the trial court ordered the Defendant to pay a $500.00 fine, court costs, and $250.00 in reimbursement to the Indigent Defender Board, all payable "over the period of [the Defendant's] probation according to a schedule to be worked out by Probation and Parole and approved by the Court." Subsequently, at the first restitution hearing, the trial court awarded restitution to Seafood Palace, Touch of Class and Y2K, payable "as a part of his payment plan upon his release and commencement of probation in equal installments and spread out over the duration, submitted to the Court for review and upon approval . . . ." Then, at the third restitution hearing, the trial court awarded restitution to all victims, "broken out over the 60 months of supervised probation." Finally, after "renaming" the restitution recipients at the motion to reconsider hearing, the trial court stated that the restitution it imposed would be "encompassed in the previous amounts that have been agreed to by the defendant and made part of the restitutionary program on a payment schedule to be prepared by Probation and Parole and submitted to the Court for approval before implementation. . . ."

The trial court arguably imposed a proper payment schedule when it stated that the restitution would be paid out over equal installments. That statement, however, was superseded by the trial court's subsequent pronouncement that the restitution payments would be made according to a pay schedule prepared by Probation and Parole and submitted to the court for approval. The trial court made this same statement at the original sentencing hearing when it imposed the $500.00 fine, court costs and $250.00 reimbursement to the I.D.B. In *State v. Brack*, 99-1103

8

(La.App. 3 Cir. 3/1/00), 758 So.2d 310, this court found that such a statement was insufficient to establish a payment plan:

> Additionally, the trial court ordered that Defendant's payment of restitution to David Cabra, fees to the Indigent Defender Board, his fines and court costs be made "pursuant to a pay plan set up and approved through the probation officer and approved by the court" was insufficient to establish a specified payment plan as required by La.Code Crim.P. art. 895.1.

*Id.* at 312-13 (citations omitted).

"This court has found error patent when the trial court fails to establish a payment plan for fees ordered as conditions of probation." *State v. Theriot*, 04-897, 04-898, p. 7 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016, 1021 (citations omitted). Thus, we remand for the trial court to establish a payment schedule for the fine, costs, I.D.B. reimbursement and restitution awarded as conditions of the Defendant's probation.

### *Restitution to Unnamed Victims*

The Defendant asserts that the trial court erred by ordering restitution to be paid to victims not named in the bill of information which was the subject of his no contest plea. As noted above, the trial court ordered the Defendant to pay restitution to OB's Deli, Seafood Palace, Poonie's Touch of Class, and to Y2K, each of whom were named in the amended bill of information. The trial court also ordered the Defendant to pay restitution to Martini's and LaNormandie, victims not named in that amended bill. The Defendant asserts that his plea agreement involved only the four victims named in the amended bill of information and did not encompass Martini's or LaNormandie, as they were not named in the bill. The State argues that the Defendant's argument was not raised at the trial court, and was therefore precluded, by La.Code Crim.P. art. 841, from being raised on appeal.

9

Several criminal code articles provide for restitution. La.Code Crim.P. art. 895 provides, in pertinent part:

> A. When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following. That the defendant shall:
>
> . . . .
>
> (7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;

La.Code Crim.P. art. 895(A)(7).

Louisiana Code of Criminal Procedure Article 883.2 provides:

> In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.

Louisiana Code of Criminal Procedure Article 895.1(A)(1) provides:

> When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

Lastly, La.Code Crim.P. art. 895.1(B)(5) provides:

> B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a

condition of probation, an amount of money to be paid by the defendant to any or all of the following:

. . . .

(5)     To the victim to compensate him for his loss and inconvenience. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein.

It is well-settled that a trial court has vast discretion in sentencing decisions, including the imposition of restitution. In *State v. Reynolds*, 99-1847, p. 4 (La.App. 3 Cir. 6/7/00), 772 So.2d 128, 131, this court stated: "The trial court's decision in ordering restitution should not be disturbed absent an abuse of discretion. *State v. Metlin*, 467 So.2d 876 (La.App. 3 Cir.1985)." Further, La.Code Crim.P. art. 881.2(A)(2) provides that a defendant may not appeal a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea.

In *State v. Labure*, 427 So.2d 855 (La.1983), the supreme court determined an imposition of restitution to be improper. In that case, the defendant was originally charged with offenses arising from the burglary of two residences. In return for a plea of guilty of burglary involving one residence, the charges associated with the burglary of the second residence were dismissed. However, upon sentencing, the trial court ordered the defendant to pay restitution to the owners of each residence. The supreme court stated that the restitution order, as to the owner of the residence for which the charges were dismissed, was "patently erroneous" because the "defendant did not plead guilty to that offense and was not convicted of it." *Id*. at 857. The court found that the restitution order was an illegal condition and ordered the defendant be resentenced.

In the instant case, the Defendant did not plead no contest to the charges arising from any offenses committed against Martini's or LaNormandie. We note that the victims listed on the plea agreement form, and enumerated by the State in the plea

11

hearing, did not include Martini's or LaNormandie. Therefore, La.Code Crim.P. art. 881.2 does not preclude the Defendant's appeal of this portion of his sentence. However, we note that in the December 10, 2004 sentencing hearing, counsel for the Defendant stated that the Defendant "also understood that if there was restitution involved that the Court order, it would involve all of the cases and not one, two or three, you know." The Defendant was also present during that sentencing hearing, and he did not object to his attorney's characterization of the plea agreement as including restitution to "all" of the cases.

Also, as noted above, the State argues to this court that the Defendant's failure to argue this particular claim precludes, under La.Code Crim.P. art. 841, his ability to raise the claim on appeal. However, an error patent shall be considered by the reviewing court even when a defendant does not object at trial. *State v. Jones*, 447 So.2d 1050 (La.1984). Since the *Labure* court clearly indicated that an order to pay restitution to a person not a victim of the offense to which a defendant pled was "patently erroneous," the State's argument is without merit.

If the State relied upon the Defendant's agreement to pay restitution to victims in "all of the cases and not one, two or three," an invalidation of the restitution orders to Martini's and LaNormandie may invalidate the State's agreement to the Defendant's plea. The supreme court addressed plea agreements, and stated that:

> In determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to rules of contract law. *State v. Nall,* 379 So.2d 731 (La.1980); *State v. Lewis*, 539 So.2d 1199 (La.1989). . . . we refer first to the law of contracts for application by analogy in determining whether a contract was formed. A contract is formed by the consent of the parties established through offer and acceptance. La.Civ.Code art. 1927.

12

*State v. Louis,* 94-0761, pp. 7-10, (La. 11/30/94), 645 So.2d 1144, 1148-49. In the instant case, the State's offer may have involved the restitution orders as imposed. However, the record is unclear as to the specific terms of the agreement, beyond those set forth in the record of the plea hearing as discussed above. Thus, we remand to the trial court to determine the nature of the agreement, and whether the entire plea agreement is invalidated by the vacation of the restitution to Martini's and LaNormandie.

### *Excessive Restitution*

Because of our treatment of the first issue in this appeal, we pretermit a discussion of Defendant's final two claims.

### CONCLUSION

The trial court erred by ordering the Defendant to pay restitution to victims other than the victims of the offense that was the subject of the Defendant's plea. *State v. Labure,* 427 So.2d 855 (La.1983). Accordingly, the order to pay restitution to those additional victims is vacated. However, the plea bargain agreement between the State and the Defendant is unclear, and the record does not indicate whether the State's offer to the Defendant involved restitution to Martini's and LaNormandie. Thus, we remand for an evidentiary hearing to determine the specific elements of the plea agreement.

On remand, the Defendant's presence is required. Should the trial court impose restitution as a condition of probation, it is instructed to establish a specified payment plan for all fees and restitution amounts and to ascertain that the amounts imposed are not excessive and in accord with the evidence presented.

**RESTITUTION VACATED. REMANDED.**

13