STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-436
consolidated with 06-437, 06-438, 06-439,
06-440, 06-441, 06-442, 06-443, 06-444, and 06-445


STATE OF LOUISIANA

VERSUS

FAY V. PEREZ, III


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 41543,
HONORABLE BYRON HEBERT, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Glenn B. Gremillion,
Judges.


SENTENCE VACATED IN PART; REMANDED.

**Michael Harson**
**District Attorney**
**Ted L. Ayo**
**Assistant District Attorney**
**Post Office Box 175**
**Abbeville, Louisiana  70511-0175**
**(337) 898-4320**
**Counsel for:**
        **State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, Louisiana  71457-2057**
**(318) 354-1292**
**Counsel for Defendant/Appellant:**
        **Fay V. Perez, III**

SULLIVAN, Judge.

Defendant, Fay V. Perez, III, originally faced over sixty counts of aggravated criminal damage to property, violations of La.R.S. 14:55. Pursuant to a plea agreement, Defendant pleaded guilty to ten counts, and the State moved to dismiss the remaining counts. In accordance with *State v. Crosby*, 338 So.2d 584 (La.1976), Defendant reserved his right to appeal the issue of payment of restitution to the victims' insurance companies, should that condition be made part of his sentence.

Defendant was subsequently sentenced in docket number 41543 to five years at hard labor, suspended. The trial court ordered that Defendant be placed on supervised probation for five years, with the condition that he perform 150 hours of community service per year for five years. This condition applied to only this sentence. In accordance with the plea agreement, Defendant was further ordered to make restitution at the rate of not less than $181.35 per month for 119 months, which was an aggregate amount covering all the victims, including those in the dismissed charges. This condition of probation was imposed for all ten sentences.[1]

In docket number 41544, Defendant was sentenced to five years at hard labor, suspended, with Defendant being placed on supervised probation for five years, to run consecutively to the sentence imposed in docket number 41543.

In docket number 41545,[2] Defendant was sentenced to serve five years at hard labor, suspended, with Defendant being placed on five years of supervised probation,

---

[1]Although the trial court did not mention the restitution payments as a condition of probation when imposing any sentences beyond the first two, it appears that the trial court intended this to apply to each of the sentences. Each of the guilty plea forms lists the restitution payments as a condition of probation. (Some of the forms indicate that the monthly rate is to be determined by the probation officer while others state that this rate is to be determined by the trial court. Nonetheless, the trial court set the minimum rate at the sentencing proceeding.)

[2]The trial court stated the docket number for this sentence was 41544; however, it appears that the trial court was actually referring docket number 41545 because it had previously imposed sentence in 41544 and it proceeded to impose sentence on the next docket number, which was 41547.

to run concurrently with the sentence imposed in 41544, but consecutively to 41543, and with the same conditions imposed in 41543. On each of the remaining docket numbers, 41547, 41548, 41549, 41550, 41551, 41552 and 41553, the trial court imposed a five-year sentence at hard labor, suspended, with Defendant being placed on supervised probation for five years, to run concurrently with docket number 41544. The trial court also imposed general conditions of probation.

Defendant is before this court appealing his sentences. Specifically, he contends that an insurance company does not fall within the definition of "victim" for purposes of La.Code Crim.P. art. 895.1. However, as discussed below, we find an error patent that requires the case to be remanded for an evidentiary hearing, which pretermits a discussion of Defendant's assigned error.

## Facts

Because Defendant entered a guilty plea, the facts are taken from the transcript of that proceeding. According to the transcript, during the months of November and December of 2003, and January of 2004, Defendant threw rocks or concrete at the victims' properties, when it was foreseeable that human life might be endangered.

## Errors Patent

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we have found one error patent that affects the legality of the sentences imposed.

As noted above, the trial court imposed restitution to victims of offenses other than those to which Defendant pleaded guilty. In *State v. Thomas*, 05-1051, p. 11 (La.App. 3 Cir. 3/1/06), 924 So.2d 1146, 1153 (quoting *State v. Labure*, 427 So.2d 855, 857 (La.1983)), this court characterized such an order as "patently erroneous."

2

Further, because the plea agreement could have been invalidated by the vacation of the restitution order concerning victims of other charges, this court remanded the case "for an evidentiary hearing to determine the specific elements of the plea agreement."[3] *Id*. at 1147. Before concluding this was the proper course of action, this court explained:

> If the State relied upon the Defendant's agreement to pay restitution to victims in "all of the cases and not one, two or three," an invalidation of the restitution orders to Martini's and LaNormandie may invalidate the State's agreement to the Defendant's plea. The supreme court addressed plea agreements, and stated that:
>
> > In determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to rules of contract law. *State v. Nall*, 379 So.2d 731 (La.1980); *State v. Lewis*, 539 So.2d 1199 (La.1989) . . . . we refer first to the law of contracts for application by analogy in determining whether a contract was formed. A contract is formed by the consent of the parties established through offer and acceptance. La.Civ.Code art. 1927.
>
> *State v. Louis*, 94-0761, pp. 7-10, (La.11/30/94), 645 So.2d 1144, 1148-49. In the instant case, the State's offer may have involved the restitution orders as imposed. However, the record is unclear as to the specific terms of the agreement, beyond those set forth in the record of the plea hearing as discussed above. Thus, we remand to the trial court to determine the nature of the agreement, and whether the entire plea agreement is invalidated by the vacation of the restitution to Martini's and LaNormandie.

*Id*. at 1154.

In the instant case, as in *Thomas*, the specific terms of the plea agreement are not clear from the record. Accordingly, this court will vacate the condition of probation requiring Defendant to pay restitution for the aggregate damages suffered by all victims and will remand the case for an evidentiary hearing to determine the

---

[3]In *Thomas*, as in the present case, the defendant was aware that restitution was being made to victims of crimes other than those to which he pleaded guilty and made no objection. In the present case, Defendant actually agreed to such terms.

3

nature of the plea agreement and whether the entire agreement is invalidated by the vacation of the restitution to victims of the offenses to which Defendant did not plead guilty. *See Thomas*, 924 So.2d 1146.

## Assignment of Error

Defendant argues that the trial court erred in ordering him to pay the victims' insurance companies as part of his restitution. We find that this issue is pretermitted by our vacating of the condition of probation for the payment of restitution to victims of offenses to which Defendant did not plead guilty.

## Decree

For the above reasons, the condition of probation requiring Defendant to pay restitution to victims other than those of the offenses to which he pleaded guilty is vacated, and the case is remanded for an evidentiary hearing to determine the specific elements of the plea agreement and whether the entire agreement is invalidated. The trial court should also advise Defendant again of the time limitation for filing an application for post-conviction relief, if necessary.

**SENTENCE VACATED IN PART; REMANDED.**