NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-83

STATE OF LOUISIANA

VERSUS

CODY LANE CRITTENDEN

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C18825
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and John E. Conery, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

**Van H. Kyzar**
**Tenth Judicial District**
**District Attorney**
**Billy J. Harrington**
**Assistant District Attorney**
**Post Office Box 838**
**Natchitoches, Louisiana 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Brent A. Hawkins**
**Louisiana Appellate Project**
**Post Office Box 3752**
**Lake Charles, Louisiana 70602-3752**
**(337) 502-5146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Cody Lane Crittenden**

**CONERY, Judge.**

Defendant, Cody Lane Crittenden, was charged with vehicular homicide, a violation of La.R.S. 14:32.1, on May 16, 2012. He originally pled not guilty to the charge, but he changed his plea to guilty on June 3, 2013. In the plea agreement, Defendant waived his rights to appeal and to seek post-conviction relief regarding his conviction.

At the plea hearing, the trial judge advised Defendant he was waiving his right to contest his conviction or any claim of ineffective assistance of counsel through post-conviction relief. She explained Defendant was not waiving any rights regarding review of his sentence at that time. She did not advise Defendant of the time limitations for seeking post-conviction relief regarding his sentence.

The trial court sentenced Defendant on September 5, 2013, to serve twenty years at hard labor, with the first five years to be served without benefit of probation, parole, or suspension of sentence. Five years of the sentence were suspended. Defendant will be placed on probation with special conditions for those five years. He was also ordered to make restitution in the amounts of $4,661.25 and $3,004.63, fined $2,000.00, and ordered to pay all court costs or serve one year in jail. In addition, Defendant was ordered to pay $500.00 to the Public Defender's Office as a condition of probation or serve six months in jail, and he was ordered to pay the expenses of probation.

At the sentencing hearing, the trial judge advised Defendant he had waived all rights to appeal his conviction and his "right to post-conviction relief on all matters including [his] sentence as well as any claim for ineffective assistance of counsel or any other available motion[.]"

Defendant now appeals, contending the trial court erred by failing to advise him of the prescriptive period for filing for post-conviction relief.

## FACTS

Defendant was operating a motor vehicle when it left the roadway, overturned, and ejected a guest passenger. Defendant's blood alcohol concentration was .23. The guest passenger died as a result of the accident.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there is one error patent.

The trial court failed to establish a payment plan for the $2,000.00 fine, court costs, $500.00 payment to the Public Defender's Office, and restitution of $4,661.25 for funeral expenses and $3,004.63 for the grave marker to be paid as conditions of probation. Louisiana Code of Criminal Procedure Article 895.1(A)(1) requires that when restitution is imposed as a condition of probation, "[t]he restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant."

In *State v. Wagner*, 07-127, p. 7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208 (emphasis in original), this court held in pertinent part:

> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).

We view this procedure as no different from payment plans for *restitution. See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La.5/26/00), 762 So.2d 1101 (restitution only), *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs), *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board), and *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution, court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).

In *State v. Stevens*, 949 So.2d at 599-601 (emphasis in original), this court discussed payment plans for amounts owed as conditions of probation:

This court has previously held that similar provisions as to payment are not acceptable and that the trial court must announce the payment plan in ordering payment over a term. *See State v. Brack*, 99-1103 (La.App. 3 Cir. 3/1/00), 758 So.2d 310; *State v. Thomas*, 05-1051 (La.App. 3 Cir. 3/1/06), 924 So.2d 1146; *State v. Moore*, 595 So.2d 334 (La.App. 3 Cir.1992). According to the version of La.Code Crim.P. art. 895.1(A) in effect in 1993 when the offenses were committed, the restitution payment "shall be made, in the discretion of the court, *either in a lump sum or in monthly installments* based on the earning capacity and assets of the defendant." (Emphasis added.) Further, because these conditions of probation are a part of Defendant's sentences, the payment plan must be imposed in Defendant's presence. La.Code Crim.P. art. 835.

. . . .

We reiterate that either or both of these plans may be determined by the trial court or formulated by Probation and Parole and approved by the trial court.

Accordingly, this case is remanded to the trial court for establishment of a payment plan for the $2,000.00 fine, court costs, $500.00 payment to the Public Defender's Office, and restitution of $4,661.25 for funeral expenses and $3,004.63 for the grave marker. Defendant's payment plan may either be determined by the trial court or by Probation and Parole and approved by the trial court. *Id*.

3

**ASSIGNMENT OF ERROR**

On appeal, Defendant claims as his sole assignment of error that the trial court erred in failing to inform him of the prescriptive period for filing an application for post-conviction relief pursuant to La.Code Crim.P. 930.8.

The trial judge advised Defendant at the plea hearing that he was waiving his right to appeal, post-conviction relief, and all otherwise-available motions regarding his conviction but not the right to appeal his sentence because that had not yet taken place. Defendant stated no objection. The trial judge further advised Defendant at the sentencing hearing that he was waiving his right to post-conviction relief on sentencing and ineffective assistance of counsel issues. Again, Defendant stated no objection. Nevertheless, he now claims the trial court erred by not advising him of the time period for filing post-conviction relief.

The "Determination of Understanding of Constitutional Rights, Nature of Charge and Consequences of Guilty Plea" Defendant signed on June 3, 2013, states in part in Paragraph 8 (emphasis in original):

> 8. CLC *In exchange for the plea bargain received, I understand that this matter will be finalized* and waive all rights to appeal my conviction, along with New Trial and Post-Conviction Relief, including any claim for ineffective assistance of counsel, or any other available motion.

Additionally, the "Plea Agreement" form states:

> (3) By accepting this plea agreement, the defendant waives, releases and relinquishes any and all rights to appeal the conviction resulting from this plea agreement, whether on direct appeal or by application for post-conviction relief, application for habeas corpus relief, or otherwise.
>
> (4) By accepting this plea agreement, defendant asserts that he/she is fully satisfied with the services and assistance rendered by his/her counsel and has had sufficient time to confer with counsel concerning his/her case and this plea agreement. By accepting this plea agreement, defendant acknowledges that

his/her counsel has performed adequately and competently, securing a satisfactory plea agreement and resolution of defendant's criminal case(s). By accepting this plea agreement, defendant waives, releases and relinquishes any claim or right to appeal this matter, whether on direct appeal or by application for post-conviction relief, motion to modify sentence, motion to correct sentence, application for habeas corpus relief, or otherwise on a claim of ineffective assistance of counsel.

Defendant, defense counsel, and the judge all signed the form on June 3, 2013.

During the plea colloquy, the trial court informed Defendant that he was waiving post-conviction relief:

THE COURT: I want you to understand that by entering this plea agreement with the District Attorney's office and then signing this document that you waive certain other rights. Do you understand that by accepting and signing this plea agreement you waive the right to appeal your conviction resulting from this plea agreement whether by direct appeal, post[-]conviction relief or by any other available motions?

MR. CRITTENDEN: Yes ma'am.

. . . .

THE COURT: And you waive the right to appeal your conviction in any method whatsoever. Do you understand that, by appeal, by post[-]conviction relief, or any available motion?

MR. CRITTENDEN: Yes ma'am.

. . . .

THE COURT: Let me restate. In exchange for the plea bargain that I've received, I understand that this matter will be finalized, my conviction and waive all rights to appeal my conviction, new trial, post[-]conviction relief and post[-]conviction relief regarding my conviction including any claim for ineffective assistance of counsel or any other available motion. Further that because I was advised of the rights listed above I waive my right to request a free transcript of my guilty plea unless I state a particularized need. Is that correct?

[DEFENSE COUNSEL]: Do you understand that?

MR. CRITTENDEN: Yes.

THE COURT: Do you have any questions?

MR. CRITTENDEN:   No ma'am.

Our supreme court has stated "in a capital case as in any other case, a defendant in Louisiana possesses the right to make a knowing and intelligent waiver of his right to direct appeal as he may waive any other constitutional right relating to the trial of criminal cases." *State v. Bordelon*, 07-525, p. 9 (La. 10/16/09), 33 So.3d 842, 849-50.

"[P]ost-conviction relief is not required by the Due Process Clause of the United States Constitution and is, therefore, not a constitutionally protected right." *State v. Davenport*, 33,961, p. 14 (La.App. 2 Cir. 11/1/00), 771 So.2d 837, 847, *writ denied*, 00-3294 (La. 10/26/01), 799 So.2d 1150.  Therefore, the right to post-conviction relief may be waived.

In *State v. Phillips*, 04-1687 (La.App. 3 Cir. 1/28/05) (unpublished opinion), this court held the right to post-conviction relief could be waived, and the written plea of guilty form signed by the defendant and filed in open court at the time he entered his guilty plea constituted a sufficient showing of the agreement on the record and of the defendant's waiver of his right to seek post-conviction relief.  *See also State v. Green*, 06-1392 (La.App. 3 Cir. 4/5/07) (unpublished opinion); *State v. Oxley*, 08-670 (La.App. 3 Cir. 1/9/09) (unpublished opinion), *writ denied*, 09-1103 (La. 4/5/10), 31 So.3d 354; and *State v. Love*, 09-723 (La.App. 3 Cir. 10/7/09) (unpublished opinion), *writ denied*, 10-1874 (La. 9/16/11), 69 So.3d 1136.

Based on Defendant's waiver, this assignment of error presents a moot issue. Defendant argues the trial court erred by not informing him of the provisions of La.Code Crim.P. art. 930.8, but he waived his right to file for post-conviction

6

relief. There is no need for him to be advised of a time limit in which to exercise a right he has waived without objection. This assignment of error lacks merit.

## CONCLUSION

This case is remanded to the trial court for establishment of a payment plan for the $2,000.00 fine, court costs, $500.00 payment to the Public Defender's Office, and restitution of $4,661.25 for funeral expenses and $3,004.63 for the grave marker. Defendant's payment plan may either be determined by the trial court or by Probation and Parole and approved by the trial court.

Defendant waived his right to appeal and to seek post-conviction relief by knowingly and intelligently entering into the provisions of his guilty plea. Defendant's conviction and sentence are affirmed. There is no requirement that the trial judge inform Defendant of the time delay for filing an application for post-conviction relief, as that right has been waived by Defendant.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.