DUFRESNE, Judge.
The defendant, Ben Monk, was charged by bill of information with Driving While Intoxicated in violation of LSA-R.S. 14:98, Failure to Yield to an Emergency Vehicle in violation of LSA-R.S. 32:125 and Driving with a Suspended License in violation of LSA-R.S. 32:415. He was arraigned and pled not guilty. Several motions were filed by the defendant, including a Motion to Suppress, which was urged and denied. The defendant entered a plea of guilty to the charge of driving while intoxicated reserving his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The charges of Failure to Yield to an Emergency Vehicle and Driving with a Suspended License were dropped. The court referred the defendant to the probation department.
The defendant filed an Application for Writs to this Court and on May 27, 1987, the writs were granted and the matter was ordered docketed by established appellate procedure.
FACTS
On November 30, 1986, the defendant, Ben Monk, stopped his vehicle in the center of the roadway straddling the yellow center line. An ambulance with lights and sirens on came up behind the defendant’s vehicle but the defendant did not move. Slowly the defendant moved forward enough to allow the ambulance to pass. The driver of the ambulance notified the police officers who investigated. When the defendant was unable to produce a driver’s license he was arrested. Because the arresting officer noticed that the defendant had difficulty walking straight and speaking clearly and smelled of alcohol, a field sobriety test was administered. The defendant was then given a breath test which revealed a blood alcohol level of .19%. The defendant was charged with Driving While Intoxicated.
ASSIGNMENT OF ERROR NUMBER 1
The trial court erred in denying the defendant’s Motion to Suppress.
The defendant argues that the results of the breath analysis machine should be suppressed because the advice of rights form contains the notation “Note: if you refuse the test until you can talk to a lawyer, you will still lose your license.” It is the defendant’s contention that such language *175 placed directly below the advice of the right to counsel penalizes the defendant for exercising his Sixth Amendment right to counsel.
This is the identical argument used by the defendant in State v. Spence, 418 So.2d 583 (La.1982). In response to that argument the Supreme Court held:
The clause cannot reasonably be interpreted as implying that an arrested person does not have a constitutional right to consult a lawyer. It merely informs a person that he cannot delay taking the test until he has consulted a lawyer, without incurring the risk that he will lose his license.
The reason for this rule is obvious. The relevant point in time for measuring blood-alcohol content is immediately after the driver is stopped, because the blood-alcohol percentage decreases with the passage of time. Were the result otherwise, the driver could effectively defeat the state’s efforts to conduct a prompt test by requesting that he be given the opportunity to consult a lawyer.
State v. Spence, supra at 586-7.
This assignment is without merit.
ERROR PATENT
This Court in State v. Robert Jones, 517 So.2d 402 (La.App. 5th Cir.1987) held: “Because, in a D.W.I. prosecution, the defendant’s guilty plea is usually used as a basis for a sentence of imprisonment, albeit suspended, and can be used for the enhancement of the sentence of a second offender and/or for conversion of a subsequent prosecution into a felony, we hold that a contemporaneous Boykin colloquy is mandated ...”
In the instant case the colloquy of the defendant’s guilty plea is insufficient. The defendant was advised that by pleading guilty he waived his right to a trial and to an appeal on all issues except those reserved by his attorney. He was also advised that this conviction may be used to enhance the penalty on a future conviction, that his license would be suspended for at least ninety days and his insurance rates would likely increase. This colloquy is defective in that the defendant was not informed that he also waived his rights against self-incrimination and to confront his accusers by his guilty plea.
At the end of the colloquy the trial judge refers the defendant to the probation department and instructs the defendant’s attorney to see that his client signs a waiver of rights form. The record contains a waiver of rights form which has been signed by the defendant, but no one else. The advise of rights form is unsigned. It is also noted that the certificate of completion points out that the defendant has a literacy problem. Although the proper forms are contained in the record, they are not properly executed and that the trial court did not fully explain to the defendant the nature of his rights or the effect of their waiver.
There is also a fatal patent defect in the verdict in that there is no signed, written judgment of disposition in the record. C.Cr.P. art. 872; State v. Robert Jones, supra.
A third error can be found in the sentence. The transcript in this case shows that the judge referred the defendant to the probation department after accepting the plea of guilty. The pertinent minute entry reads as follows: “Sent to attend Dri. Imp. School, Substance Abuse Program and to perform 32 hours community service in lieu of 10 days P.P. Upon completion of these requirements, Def. to return for final sentencing.”
A similar discrepancy between the sentence articulated by the trial court and the same stamped minute entry was held to be fatally defective in State v. Jones, supra. There we stated:
It is obvious that the stamped minutes do not accurately reflect the “sentence” articulated by the trial judge as required by C.Cr.P. art. 871. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1982). However, the “sentence” stated by the trial judge is not sufficiently definite to *176 adequately inform the defendant of the sanctions imposed.
It is the obligation of the court (not the minute clerk or the probation department) to determine if a sentence is to be imposed immediately following conviction or if the imposition of sentence is to be suspended.
If either the execution or the imposition of the sentence is to be deferred, it likewise is the obligation of the court to impose probation, and to set its term and conditions. See generally C.Cr.P. arts. 894, 895 and compare State v. Hardy, 432 So.2d 865 (La.1983).
We feel it is the intent of the trial judge in a case of this type to accept the defendant’s plea of guilty, suspend the imposition of sentence (both imprisonment and fine) for a specified period of time, impose a term of active probation and set as conditions of the probation, the conditions mandated by LSA-R.S. 14:98 in addition to any others deemed appropriate by the court to aid the defendant in his rehabilitation. Then, upon the date fixed for the imposition of sentence, the trial judge is able to evaluate the extent of the defendant’s rehabilitative effort and determine the appropriate sentence which could include a termination of the probation obligations. See C.Cr.P. arts. 896, 897.
The purpose of requiring the defendant’s presence at sentencing and of pronouncing the sentence in open court is to insure the defendant is apprised of the punishment imposed. See C.Cr.P. arts. 835, 871 and comments thereunder. Accordingly, the failure of the trial judge to fully articulate the sentence and the failure of clerk to accurately reflect what was stated to operate to the detriment of the accused.
State v. Jones, at 406.
Accordingly, for the foregoing reasons, the defendant’s plea and sentence are vacated and the matter is remanded for further proceedings, not inconsistent with this opinion.
CONVICTION AFFIRMED, PLEA AND SENTENCE VACATED, REMANDED FOR FURTHER PROCEEDINGS.