KING, Judge.
The issues presented by this appeal are whether the trial judge erred in entering a judgment of guilty and sentencing defendant when he was not present in court and whether the sentence was imposed in compliance with sentencing guidelines and not excessive.
James McIntyre (hereinafter defendant) was charged by bill of information with the crime of possession of cocaine with intent *801 to distribute, a felony in violation of La. R.S. 40:967(A). Defendant pled not guilty and was tried before a jury. The jury unanimously found the defendant guilty as charged. Defendant’s Motion For A New Trial was denied and, after a hearing, defendant was sentenced to serve fifteen years at hard labor. On appeal, this Court reversed, finding that there was insufficient evidence to support a conviction for possession of cocaine with intent to distribute. State v. McIntyre, 544 So.2d 86 (La. App. 3 Cir.1989). This Court found, however, that there was sufficient evidence in the record to conclusively support a conviction for possession of cocaine. Consequently, this Court set aside the conviction and sentence for possession of cocaine with intent to distribute, and remanded the matter to the trial court with instructions to enter a judgment of guilty against the defendant for possession of cocaine and to sentence him accordingly. McIntyre, supra, at page 90.
On remand, on July 21, 1989, the trial court sentenced the defendant under La. R.S. 40:967(C)(2) to the maximum sentence of five years at hard labor. The defendant has again appealed asserting that the court hearing on remand was improper because he was not present in court at the time of sentencing and that the trial court did not comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1 and that his sentence is excessive. We reverse the conviction and sentence and remand for further proceedings consistent with this opinion.
LAW
For defendant to be properly sentenced, the law is clear that he must be present in court at the time of the sentencing. La.C.Cr.P. Art. 835 states in pertinent part:
“In felony cases the defendant shall always be present when sentence is pronounced. ... If a sentence is improperly pronounced in the defendant’s absence, he shall be resentenced when his presence is secured.” (Emphasis supplied.)
In State v. Champagne, 506 So.2d 1377 (La.App. 3 Cir.1987), this Court held that a defendant’s presence is not required when the trial court merely corrected a previously imposed illegal sentence. However, this case is quite different. Defendant’s conviction and sentence of possession of cocaine with intent to distribute was vacated, and the defendant was subsequently convicted and ordered sentenced on a different, lesser conviction of possession of cocaine. When a conviction and sentence are entirely vacated and remanded for entry of a guilty plea and sentencing, the defendant’s presence in court for such action is clearly required by La.C.Cr.P. Art. 835. This is to insure that defendant has an adequate opportunity to present evidence and to dispute the accuracy of the sentencing judge’s reasons for sentencing and to insure that defendant is apprised of the charge for which punishment is imposed. See, State v. Ford, 422 So.2d 416 (La.1982); State v. Monk, 528 So.2d 173 (La.App. 5 Cir.1988), rev’d on other grounds, 532 So.2d 1143 (La.1988).
Therefore, we must determine whether defendant was present in court at the hearing. Defendant maintains through counsel that he was not. This claim is supported by a letter in the record from the trial judge to the respective parties indicates that he did not intend to have the defendant brought to court for the entry of a judgment of guilt and the imposition of sentencing on the lesser charge for which the appellate court found him guilty. However, the facts are further confused by the minutes of the court, which state that defendant was present at the sentencing hearing on July 21, 1989. It is this minute entry that defendant vehemently proclaims on appeal to be in error. In an attempt to resolve this dispute, the transcript of the court hearing was closely reviewed; however, it also does not indicate whether the defendant was present at the court hearing.
For this reason, we would normally remand this case to the trial court for a contradictory hearing to determine if defendant was in fact actually present in Court at the time of the court hearing. However, in reviewing the transcript of the *802 court hearing, we find that, even if the defendant was present, the trial court still did not comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1. For this reason, a remand for the purpose of a contradictory hearing to determine whether defendant was present in Court at the court hearing is unnecessary.
The sentencing of defendant on July 21, 1989 was woefully inadequate to comply with sentencing guidelines of La.C. Cr.P. Art. 894.1. The record of the entire sentencing hearing reads as follows:
“THE COURT: On Mr. McTyre [McIntyre], Mr. McTyre [McIntyre] was sentenced to fifteen years to the Department of Corrections. There was an appeal. The Court of Appeal found that there was not sufficient evidence to find him guilty of possession of cocaine with intent to distribute, but that there was sufficient evidence to convict him of ordinary possession of cocaine. So, for the same reasons that he was given fifteen years in the Department of Corrections, he is sentenced to five years in the Department of Corrections.
MR. BONNETTE: Your Honor, at this time I’d like to give oral notice of intent to appeal the sentence, and I’ll submit written notice next week.”
As this transcript reveals, the sentencing court did not adequately state the factual basis or considerations for the sentence it imposed. This Court, in the first McIntyre decision, set aside defendant’s conviction and remanded the case for the trial court with instructions to enter judgment on a lesser offense and to sentence defendant on that lesser offense. The case was not remanded for resentencing because defendant’s original sentence was illegal or excessive or, in any other way, infirm. The considerations in imposing a sentence for possession of cocaine with intent to distribute are quite different from the considerations in imposing a sentence only for possession of cocaine. We find that the sentencing judge did not adequately consider, apply, and articulate his reasons for sentencing as required by La.C.Cr.P. Art. 894.1.
For these reasons, the conviction and sentence of defendant is vacated and set aside, and the matter is remanded for entry of judgment of guilty and sentencing. The trial court is ordered, once again on remand, to enter a judgment of guilt against defendant for possession of cocaine and to sentence the defendant, taking into account mitigating and aggravating factors, as required by La.C.Cr.P. Art. 894.1, at a hearing at which defendant is physically present.
CONVICTION AND SENTENCE VACATED; AND CASE REMANDED FOR ENTRY OF JUDGMENT OF GUILT AND SENTENCING.