# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-986

STATE OF LOUISIANA

VERSUS

WILLIAM C. BARONET

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20588-09
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

**ORDER OF RESTITUTION VACATED
AND REMANDED WITH INSTRUCTIONS.**

Heath J. Dorsey
Public Defenders Office
P. O. Box 3757
Lake Charles, LA 70602-3757
(337) 436-1718
COUNSEL FOR DEFENDANT- APPELLANT:
    William C. Baronet

John Foster DeRosier
District Attorney, Fourteenth Judicial District
Karen C. McLellan
Assistant District Attorney
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

**PICKETT, Judge.**

**FACTS**

The following factual basis was set forth by the state at the defendant's no contest plea:

> Your Honor, if called to trial the State would prove that on or about July 18, 2008 in Calcasieu Parish the defendant turned left into oncoming traffic and struck an oncoming motorcycle.
>
> The injuries suffered by the victim is that he had to have his foot amputated. Mr. Baronet admitted to drinking and blew a .168 on the intoxilyzer.

On June 17, 2009, the defendant, William C. Baronet, was charged by bill of information with one count of DWI, a violation of La.R.S. 14:98; one count of careless operation, a violation of La.R.S. 32:58; one count of driving under suspension, a violation of La.R.S. 32:415; and one count of first degree vehicular negligent injury, a violation of La.R.S. 14:39.2. The defendant entered pleas of not guilty to the charges on July 27, 2009. Thereafter, on December 10, 2009, the defendant entered a no contest plea to one count of first degree vehicular negligent injuring, with the remaining charges being nolle prosequied. The trial court ordered a presentence investigation report and set sentencing for a later date. Subsequently, on March 17, 2010, the defendant was sentenced to five years in the Department of Corrections, with two years suspended. The trial court placed the defendant on five years supervised probation, with special conditions of probation. The trial court also ordered the defendant to pay restitution as a condition of probation, but ordered the amount to be determined at a restitution hearing to be held when the defendant began probation.

Upon the defendant's release from incarceration on April 22, 2011, the defendant's probation and parole officer petitioned the court to schedule the

restitution hearing. Accordingly, a restitution hearing was held on May 24, 2012. At the hearing, the state introduced exhibits as well as the testimony of the victim. The trial court allowed both sides to file memoranda and took the matter under advisement. Thereafter, on April 5, 2013, the trial court held a hearing to impose restitution. The defendant was not present at the April 5, 2013 hearing. The defendant's counsel told the court that he did not know whether or not the defendant received notice of the hearing. Nonetheless, the trial court imposed restitution in the amount of $36,000, payable at the rate of $500 per month. On May 2, 2013, the defendant filed a motion for appeal, which was granted that same day. The defendant is now before this court, alleging that the amount of restitution is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent that requires the trial court's imposition of restitution to be vacated and the case remanded for re-imposition of restitution.

As mentioned previously, the defendant was not present when the trial court imposed restitution. Although the defendant was present at the initial restitution hearing wherein the state introduced exhibits as well as the victim's testimony, the trial judge did not impose restitution at that hearing. Rather, the trial judge gave the parties an opportunity to file memoranda on the restitution issue. When the matter was again called for a restitution hearing on April 5, 2013, the defendant was not present, and the defendant's attorney stated that he did not know whether or not the defendant received notice of the hearing. The trial judge acknowledged the defendant's absence and commented that the defendant may not have received

2

notice of the hearing. Nonetheless, after hearing brief arguments on the issue, the trial judge ordered the defendant to pay restitution in the amount of $36,000, payable at the rate of $500 per month.

In *State v. Thomas*, 05-1051 (La.App. 3 Cir. 3/1/06), 924 So.2d 1146, *abrogated on other grounds by State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, this court addressed as an error patent the legality of defense counsel's waiver of Thomas' presence from a hearing at which the trial court imposed restitution. Finding Thomas' presence could not be waived, this court stated:

> Louisiana Code of Criminal Procedure Article 835 provides for the Defendant's presence when sentence is pronounced:
>
> > In felony cases the defendant shall always be present when sentence is pronounced . . . . If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.
>
> The imposition of restitution is considered a part of the defendant's sentence, for which the defendant must be present. *State v. Fortier*, 03-882 (La.App. 5 Cir. 11/25/03), 862 So.2d 170. *See also State v. Boudreaux*, 98-1932 (La.App. 3 Cir. 6/16/99), 741 So.2d 860. In *State v. McIntyre*, 567 So.2d 800 (La.App. 3 Cir. 1990), this court stated the purpose of Article 835 is "to insure that defendant has an adequate opportunity to present evidence and to dispute the accuracy of the sentencing judge's reasons for sentencing and to insure that defendant is apprised of the charge for which punishment is imposed." *Id.* at 801 (citations omitted).

*Id.* at 1149. Because the trial court increased Thomas's restitution amount without Thomas being present, this court found that that portion of Thomas's sentence was illegally imposed. *Id.* at 1150. Accordingly, this court remanded for a "consideration of the imposition of restitution" in Thomas's presence. *Id.* at 1151. *See also State v. Granger*, 08-1477 (La.App. 3 Cir. 6/3/09), 11 So.3d 649, wherein

this court ordered the defendant to be present when the case was remanded for imposition of restitution.

Likewise, we find the trial judge's imposition of restitution during the absence of the defendant in the present case failed to comply with the provisions of La.Code Crim.P. art. 835. The order of restitution must, therefore, be vacated, and this matter is remanded for the judge to impose restitution in the defendant's presence.

## ASSIGNMENTS OF ERROR

In his three assignments of error, the defendant challenges the trial court's restitution award by arguing that it is excessive, that it was imposed without a proper consideration of the defendant's assets and/or ability to pay, that it was imposed without a proper consideration of the victim's actual pecuniary loss, and that it was imposed without a proper consideration of monies paid to the victim in a civil settlement. These assigned errors are pretermitted by the error patent discussed above. *See Thomas*, 924 So.2d at 1154.

## CONCLUSION

The trial court's order of restitution is vacated, and the case remanded for re-imposition of restitution in the presence of the defendant as required by La.Code Crim.P. art. 835.

**ORDER OF RESTITUTION VACATED
AND REMANDED WITH INSTRUCTIONS.**

4