STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-798

STATE OF LOUISIANA

VERSUS

GERALD BRENT DEBARGE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20932-13
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

SENTENCE VACATED; REMANDED FOR RESENTENCING.

John F. DeRosier, District Attorney
Fourteenth Judicial District
Carla S. Sigler
Tara B. Hawkins
Karen C. McLellan
Assistant District Attorneys
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
        State of Louisiana

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Gerald Brent Debarge**

**GREMILLION, Judge.**

Defendant, Gerald Brent Debarge, was charged with and convicted of stalking as a result of sending letters to his victim. Defendant and the victim were once married but eventually divorced. Because of Defendant's harassing behavior, the victim obtained a restraining order against him. Although the restraining order prohibited Defendant from contacting the victim, he sent numerous letters to her. According to the victim, receiving letters from Defendant was a recurring problem that caused her great distress and fear. One letter in particular caused the victim to believe that Defendant was threatening to show up at her door to take her and her son.

Defendant was charged by grand jury indictment with one count of stalking, a violation of La.R.S. 14:40.2(A). Defendant entered a plea of not guilty to the charge. The State amended the indictment to change the date of the offense and to add the initials of the victim. On that same date, Defendant informed the trial court of his desire to represent himself. Defendant was allowed to represent himself; however, during the trial Defendant announced his desire for an attorney but refused the trial court's offer to have Catherine Stagg sit with him during trial. When Defendant lay down on the floor and refused to get up during trial, the trial court recessed until the next day. The following day, Defendant stated that he was ready to proceed with trial and again refused the trial court's offer to have Stagg assist him during trial. Thereafter, on January 10, 2014, the jury found Defendant guilty as charged.

At Defendant's request, Stagg represented him at sentencing on January 17, 2014. Due to Defendant's unruly behavior, he was removed from the courtroom before sentence was imposed. Pursuant to La.R.S. 14:40.2(A), the trial court found

beyond a reasonable doubt that Defendant placed the victim in fear of death or bodily injury by his continued harassment. Finding the maximum sentence appropriate, the trial court sentenced Defendant to five years with the Department of Public Safety and Corrections, to be served without benefit of probation, parole, or suspension of sentence. Finally, the trial court issued a protective order against Defendant and in favor of the victim for an indefinite period of time. Defendant's counsel waived any reconsideration of sentence.

Defendant appeals alleging one assignment of error. However, we pretermit consideration of Defendant's assignment of error because an error patent in Defendant's sentencing requires that his sentence be vacated and the case remanded for resentencing.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We find there was an error patent. Defendant was removed from the courtroom because of disruptive behavior before his sentence was pronounced by the trial court.

Louisiana Code of Criminal Procedure Article 835 provides:

> In felony cases the defendant shall always be present when sentence is pronounced. In misdemeanor cases the defendant shall be present when sentence is pronounced, unless excused by the court. If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.

In *State v. Baronet*, 13-986 (La.App. 3 Cir. 2/12/14), __ So.3d ___,[1] this court recognized, as an error patent, failure of the defendant to be present during imposition of a portion of his sentence, citing La.Code Crim.P. art. 835.

---

[1] 2014 WL 551540.

In *State v. Elie,* 10-1494 (La.App. 3 Cir. 10/5/11), 74 So.3d 1216, *writ denied*, 11-2786 (La. 4/13/12), 85 So.3d 1246, the defendant argued the trial court erred in removing him from the courtroom during the sentencing. During sentencing, the trial court had the defendant removed from the courtroom for his disruptive behavior. This court held in pertinent part:

> Louisiana Code of Criminal Procedure Article 835 states: "In felony cases the defendant shall always be present when sentence is pronounced . . . . If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured."
>
> The historical notes to Article 835 state, in pertinent part:
>
> (a) This article following A.L.I.Code of Criminal Procedure, § 291, separately provides for presence of the defendant at pronouncement of sentence. The requirement of presence at sentencing is not included in the general provisions of Arts. 831 and 833, which specify the stages of the trial at which the defendant must be present. This separate treatment was induced by the fact that the defendant's absence at sentencing does not invalidate the trial, but requires resentencing in his presence.
>
> In *State v. Cottonham*, 44,854 (La.App. 2 Cir. 12/16/09), 27 So.3d 320, *writ denied*, 10-171 (La.9/3/10), 44 So.3d 693, the defendant argued that the trial court erred in removing him from the courtroom during the habitual offender hearing. He asserted he was not warned about his conduct prior to removal, that "he did not persist in disruptive conduct following such a warning, and that his behavior did not rise to the level of conduct which justified his exclusion from the courtroom." *Id*. at 324.
>
> Louisiana Code of Criminal Procedure Article 832(A)(2) states:
>
> A. A defendant initially present for the commencement of trial shall not prevent the further progress of the trial, including the return of the verdict, and shall be considered to have waived his right to be present if his counsel is present or if the right to counsel has been waived and:
>
> . . . .

3

(2) After being warned by the court that disruptive conduct will cause him to be removed from the courtroom, he persists in conduct which justifies his exclusion from the courtroom.

*Id.* at 1229.

In *Cottonham,* the matter proceeded without the defendant's presence in the courtroom:

The record establishes that the defendant was warned twice about his disruptive conduct before he was removed from the courtroom so that the hearing could proceed. It also appears that the defendant chose to be removed rather than remain in a hearing with Mr. Avery, the court-appointed counsel he wanted to fire. However, Mr. Avery remained present throughout the hearing and acted in his capacity as counsel for the defendant by objecting during testimony of the state's witnesses, cross-examining the witnesses, and making an oral motion for dismissal on the defendant's behalf.

Throughout the 30 months it took for the habitual offender hearing to take place, the defendant acted in ways to delay the proceedings. He initially fired his attorney rather than proceed with the hearing on February 7, 2007, and he never retained new counsel despite repeatedly telling the trial court that he would. He was afforded court-appointed counsel who represented him at the habitual offender hearing, and he offered no legitimate basis for replacing Mr. Avery. It is clear that the defendant sought to further delay the proceedings and avoid being sentenced as an habitual offender. The defendant was warned by the trial court but persisted in his disruptive behavior in an effort to yet again halt the proceedings. The defendant opted to leave the courtroom when the trial court did not give in to his baseless demands.

Under these facts, we find that the defendant's exclusion from the courtroom was justified and apparently voluntary. We find no error that would require this court to vacate the habitual offender adjudication or reverse the sentence. The assignment of error is without merit.

*Id.* at 324-25.

In *State v. Perrilloux*, 99-1314, (La.App. 5 Cir. 5/17/00), 762 So.2d 198, the fifth circuit held that sentencing in absentia requires that a sentence be vacated and the matter remanded for resentencing. *See also State v. Wilson*, 46,340 (La.App. 2

4

Cir. 5/18/11), 69 So.3d 598. A defendant's presence is only required when sentence is pronounced and not during the court's articulation of considerations and the factual basis for the sentence. *State v. Causey*, 450 So.2d 1071 (La.App. 1 Cir.1984). *See also State v. Cooper*, 38,743 (La.App. 2 Cir. 9/22/04), 882 So.2d 657.

In *State v. Granger*, 08-1531 (La.App. 3 Cir. 6/3/09), 11 So.3d 695, the defendant waived his appearance at sentencing via a written waiver signed by him. This court vacated the defendant's sentence and remanded the matter for resentencing in his presence, as required by La.Code Crim.P. art. 835.

In *State v. Thomas*, 05-1051 (La.App. 3 Cir. 3/1/06), 924 So.2d 1146, *abrogated on other grounds by State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, defense counsel waived the defendant's presence at the hearing on his motion to reconsider sentence. This court acknowledged that although a defendant's presence is not required at a hearing on a motion to reconsider sentence where the trial court simply rules on the motion, his presence is required when he is actually resentenced at the hearing on the motion. *See also State v. Bradford*, 29,654 (La.App. 2 Cir. 9/24/97), 700 So.2d 1046.

In *State v. Harris*, 93-1098, 94-2243 (La.1/5/96), 665 So.2d 1164, the supreme court noted that a ministerial correction to an illegally lenient sentence may be made in the defendant's absence. However, a district judge retains discretion to vacate the sentence originally imposed and to resentence a defendant in open court.

In *State v. McIntyre*, 567 So.2d 800, 801 (La.App. 3 Cir.1990), this court stated:

In *State v. Champagne*, 506 So.2d 1377 (La.App. 3 Cir.1987), this Court held that a defendant's presence is not required when the trial court merely corrected a previously imposed illegal sentence. However, this case is quite different. Defendant's conviction and sentence of possession of cocaine with intent to distribute was vacated, and the defendant was subsequently convicted and ordered sentenced on a different, lesser conviction of possession of cocaine. When a conviction and sentence are entirely vacated and remanded for entry of a guilty plea and sentencing, the defendant's presence in court for such action is clearly required by La.C.Cr.P. Art. 835. This is to insure that defendant has an adequate opportunity to present evidence and to dispute the accuracy of the sentencing judge's reasons for sentencing and to insure that defendant is apprised of the charge for which punishment is imposed. *See, State v. Ford*, 422 So.2d 416 (La.1982); *State v. Monk*, 528 So.2d 173 (La.App. 5 Cir.1988), *rev'd on other grounds*, 532 So.2d 1143 (La.1988).

We further stated in *Elie*, 74 So.3d at 1233:

[T]he language of La.Code Crim.P. art. 835, which states a defendant "*shall always* be present when sentence is pronounced," requires a defendant's presence at sentencing. (emphasis added). Accordingly, while we do not condone Defendant's disrespectful behavior, we are constrained to vacate Defendant's sentence and remand the matter for resentencing in Defendant's presence.

Based upon *Elie*, 74 So.3d 1216, Defendant's sentence is vacated and we remand for resentencing. Additionally, the record before this court does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the trial court is directed to inform Defendant of the provisions of Article 930.8 at resentencing. *State v. Perkins*, 11-955 (La.App. 3 Cir. 3/7/12), 85 So.3d 810.

### DISPOSITION

Defendant's sentence is vacated and the matter remanded to the trial court for resentencing with Defendant present and represented by counsel unless waived. Additionally, at resentencing, the trial court should advise Defendant of the applicable provision of La.Code Crim.P. art. 930.8.

**SENTENCE VACATED; REMANDED FOR RESENTENCING**.