NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 17-143

STATE OF LOUISIANA

VERSUS

DEMETRICIUS MARCELLE YOUNG

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 9702-16
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.

AFFIRMED. MOTION TO WITHDRAW GRANTED.

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT APPELLANT:**
   **Demetricius Marcelle Young**


**John Foster DeRosier**
**14th JDC District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF APPELLEE:**
   **State of Louisiana**


**David Daniel Palay**
**Asst. District Attorney**
**P. O. Box 1030**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF APPELLEE:**
   **State of Louisiana**

**KYZAR, Judge.**

The defendant, Demetricius Young, entered guilty pleas pursuant to a plea agreement to two counts of possession with intent to distribute schedule II controlled dangerous substances, cocaine and methamphetamine, violations of La.R.S. 40:967. The defendant thereafter filed a pro se motion to appeal. Appellate counsel was appointed and has filed a brief pursuant to *Anders*[1] together with a motion to withdraw. For the following reasons, we affirm the defendant's convictions and sentences. Further, we grant appellate counsel's motion to withdraw.

## Factual and Procedural Background

The defendant was originally charged by bill of information with five (5) counts of possession with intent or distribution of scheduled II controlled dangerous substances in violation of La.R.S. 14:967 and one (1) count of possession with intent or distribution of a schedule I controlled dangerous substance, in violation of La.R.S. 14:966, filed on April 21, 2016. On June 13, 2016, pursuant to a plea agreement, he entered pleas of guilty to two counts of possession with intent to distribute schedule II controlled dangerous substances, cocaine and methamphetamine. The trial court sentenced the defendant on the same date to three years in the custody of the Department of Corrections pursuant to the agreement, with credit for time served on each charge, to run concurrently. As the defendant was on probation on two other, unrelated felonies at the time, his probation was revoked on those charges, and he was ordered to serve two years in the Department of Corrections on each charge, to run consecutively with each

---

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

1

other, but with the sentences to run concurrently with the sentences in the current case.

The defendant filed a pro se motion to appeal, and appellate counsel was appointed by the court. Appellate counsel has since filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Further, appointed appellate counsel has filed a motion to withdraw.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. We find one error patent. However, this error does not require reversal of the defendant's conviction.

The top section of the bill of information indicates that the defendant was charged with five counts of distribution or possession with intent to distribute Schedule II drugs, in violation of La.R.S. 40:967, and one count of distribution of a Schedule I controlled dangerous substance in violation of La.R.S. 40:966 A.(1); however, the body of the bill clearly indicates that Defendant was charged with only four counts of violating La.R.S. 40:967 and one count of violating La.R.S. 40:966 A.(1).

In *State v. Jackson,* 03-1079 (La.App. 3 Cir. 2/4/04), 866 So.2d 358, *writ denied,* 04-1126 (La. 10/8/04), 883 So.2d 1027, the indictment charged the defendant with aggravated rape, citing La.R.S. 14:42, although in describing the offense, the bill more closely followed the language of the forcible rape statute contained in La.R.S. 14:42.1. This court noted that the error was not one involving a citation but rather a discrepancy between the statute number and the description of the offense, and we addressed the issue as an error patent due to the fact it was

2

discoverable by an inspection of the pleadings. Louisiana Code of Criminal Procedure article 487 provides in pertinent part:

> A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.

Ultimately, this court found the error was waived by the defendant's failure to raise the issue in pre-trial proceedings. Likewise, the defendant here failed to raise the issue prior to his guilty plea.

Although the issue in the present case differs slightly from *Jackson,* the error, as in *Jackson,* is one clearly discoverable by an inspection of the pleadings. Nevertheless, the error was waived by the entry of an unqualified plea of guilty. *See State v. Crosby*, 338 So.2d 584 (La.1976). Further, two of the four counts charging a violation of La.R.S. 40:967 were dismissed in conjunction with the entry of the defendant's plea, and thus any error in the original bill of information was rendered harmless by the plea to two of the included counts and the dismissal of the others.

*Anders Brief and Motion to Withdraw*

The defendant's appellate counsel has filed a brief pursuant to *Anders,* alleging that there are no non-frivolous issues upon which to base an appeal. Further, she has also filed a motion to withdraw as the defendant's appellate counsel. On April 10, 2017, defendant was advised, via certified mail, that counsel filed an *Anders* brief and that he was given until May 10, 2017, to file a pro se brief. To date, the defendant has not filed a pro se brief.

3

In *State v. Benjamin,* 573 So.2d 528, 531 (La.App. 4 Cir.1990), the fourth circuit addressed the appellate review of briefs filed pursuant to *Anders,* stating:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

The supreme court sanctioned this procedure in *State v. Mouton,* 95–981 (La.4/28/95), 653 So.2d 1176.

We note that "[a]n *Anders* brief need not catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit." *State v. Jyles,* 96–2669, p. 2 (La.12/12/97), 704 So.2d 241, 241. Thus, appellate counsel must review "not only the procedural history of the case and the evidence presented at trial but must also provide ... 'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *Id.* at 242 (quoting *Mouton,* 653 So.2d 1176).

The defendant's counsel has filed such a brief in this matter. Appellate counsel observes that the State presented the following factual basis in support of the guilty plea:

> "If called to trial the State would show that on March 22, 2016, Demetricius Young possessed cocaine and methamphetamine with the

4

intent to distribute those substances for profit. He possessed those items without legal authority inside Calcasieu Parish."

Appellate counsel notes in brief that the defendant admitted to the commission of the crimes during his guilty plea proceeding. Further, appellate counsel notes that the trial court advised the defendant of his *Boykin*[2] rights, including the right to counsel, his right to a trial where the State would be required to prove his guilt beyond a reasonable doubt, his right to confront and cross examine all of the witnesses against him, and his right to remain silent. The defendant acknowledged that his plea was free and voluntary and that he had not been pressured or threatened to plead guilty. The defendant acknowledged that he understood his rights.

Appellate counsel notes that the day following his guilty plea, the defendant filed a pro se motion to quash the bill of information. In the motion, the defendant claimed he did not appear in the video of the undercover drug buy and claimed his identification as the perpetrator was a mistake. The trial court denied the motion on August 2, 2016, finding that none of the grounds listed in La.Code Crim.P. arts. 532 through 534 were alleged.[3] We agree. The allegations in the motion to quash

---

[2] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969)

[3]These articles provide in pertinent part as follows:

Louisiana Code of Criminal Procedure Article 532 (footnoted omitted):

A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the

claim insufficiency of the evidence, allegations which are considered non-jurisdictional and were waived once the defendant entered into an unconditional guilty plea. *State ex rel. Adams v. Louisiana*, 15-1897 (La. 12/16/16), 207 So.3d 1040.

Finally, appellate counsel notes the court minutes indicate the defendant was absent from the November 2, 2016 hearing to clarify the sentences; although, the transcript of that hearing reveals the court ostensibly referencing the defendant by name at one point. However, there is no other indication in the transcript that the defendant was present. Even though the minutes indicate that the defendant was not present at this proceeding, the district court's action on that date was nothing more than a re-imposition of the same sentences and a clarification regarding the application of credit for time served, amounting to a ministerial correction of the sentences favorable to the defendant.

At the original sentencing hearing, the defendant was sentenced to serve three years with the Department of Corrections on each of his two convictions

---

motion if a sufficient bill of particulars is furnished within the delay fixed by the court.

(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.

(6) Trial for the offense charged would constitute double jeopardy.

(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.

(8) The court has no jurisdiction of the offense charged.

(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.

(10) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.

Louisiana Code of Criminal Procedure Article 534 provides:

A motion to quash an information may also be based on one or more of the following grounds:

(1) The information was not signed by the district attorney; or was not properly filed.

(2) The offense is not one for which prosecution can be instituted by an information.

6

imposed in the current docket number, 9702-16, to run concurrently with each other and concurrently with any other sentences he may be serving. He was given credit for time served from March 22, 2016. The defendant was then sentenced to two years on each of two probation violations to run consecutively to each other, but to run concurrently with the three year sentences imposed in 9702-16 with credit for time served on all cases.

At the November 2, 2016 hearing to clarify the sentences, defense counsel informed the court that the Department of Corrections applied credit for his jail time served in 2010, 2013, 2014, and 2015 to the defendant's probation violation sentences, but failed to apply it to the sentences imposed in 9702-16. Defense counsel requested this credit for time served be applied to the defendant's sentences imposed in docket number 9702-16. At this point in the hearing, the court "confirmed" and re-imposed the concurrent three year sentences on each of the convictions in docket number 9702-16. It then clarified that credit for the periods of time served on the probation violations would be applied as credit for time served on the sentences imposed in 9702-16.

In *State v. Debarge*, 14-798, pp. 5-6 (La.App. 3 Cir. 3/18/15), 159 So.3d 526, 529, this court addressed the necessity of a defendant's presence for a ministerial correction of a sentence, stating:

> In *State v. Harris*, 93-1098, 94-2243 (La.1/5/96), 665 So.2d 1164, the supreme court noted that a ministerial correction to an illegally lenient sentence may be made in the defendant's absence. However, a district judge retains discretion to vacate the sentence originally imposed and to resentence a defendant in open court.
>
> In *State v. McIntyre*, 567 So.2d 800, 801 (La.App. 3 Cir.1990), this court stated:
>
>> In *State v. Champagne*, 506 So.2d 1377 (La.App. 3 Cir.1987), this Court held that a defendant's presence is

7

not required when the trial court merely corrected a previously imposed illegal sentence. However, this case is quite different. Defendant's conviction and sentence of possession of cocaine with intent to distribute was vacated, and the defendant was subsequently convicted and ordered sentenced on a different, lesser conviction of possession of cocaine. When a conviction and sentence are entirely vacated and remanded for entry of a guilty plea and sentencing, the defendant's presence in court for such action is clearly required by La.C.Cr.P. Art. 835. This is to insure that defendant has an adequate opportunity to present evidence and to dispute the accuracy of the sentencing judge's reasons for sentencing and to insure that defendant is apprised of the charge for which punishment is imposed. *See, State v. Ford*, 422 So.2d 416 (La.1982); *State v. Monk*, 528 So.2d 173 (La.App. 5 Cir.1988), *rev'd on other grounds*, 532 So.2d 1143 (La.1988).

The re-imposition of the defendant's sentences at the November 2, 2016 proceeding and the clarification of the application of credit for time served at that same proceeding constituted a ministerial correction to the sentences favorable to the defendant, for which his presence was not required.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The defendant was properly charged by bill of information as to the charges to which he plead guilty, and was present and represented by counsel at all crucial stages of the proceedings. Additionally, the defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969) and La.Code Crim.P. art. 556.1. The trial court informed the defendant that he was waiving his right to a jury trial, his right to confront and cross-examine his

8

accusers, his right to compel witnesses to testify, and his right to remain silent.[4] These rights were also set forth in a written plea form signed by the defendant. Finally, the defendant directly and openly stated during his plea that he had not been induced to plead by any threats, promises, or force.

The guilty plea form advised the defendant of the penalty range he was facing on each count (two to thirty years and a fine of up to $50,000). The trial court also advised the defendant that the maximum sentence he was facing on each count was thirty years, which could be enhanced if he committed subsequent felonies. The trial court imposed the agreed upon sentences (three years at hard labor), which are near minimum sentences and which were ordered to be run concurrently. Additionally, when the defendant admitted to violating his probation in two separate docket numbers, the trial court agreed to credit the sentences imposed in the present docket number with the time served in the probation violations, even though the time was served prior to the defendant's arrest in the present docket number.

As for the sentences imposed, appellate counsel correctly asserts that the defendant is precluded from seeking review of his sentences since they were imposed in conformity with a plea agreement. Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." In *State v. Vital*, 12-881, pp. 5-6 (La.App. 3 Cir. 2/6/13), 107 So.3d 1274, 1278, *writ denied*, 13-430 (La. 9/13/13), 120 So.3d 692 (footnote omitted), this court held:

---

[4]The trial court informed the defendant that he was not waiving his right to representation since he had an attorney there with him.

9

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98–101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id.* at 39.

In the present case, the trial court accepted the sentencing recommendation agreed to by the parties. As such, the defendant is precluded from seeking review of his sentences on appeal. Further, any argument as to the excessiveness of the sentences would be frivolous given the sentences were near the minimum required by statute and were ordered to run concurrently with one another.

Thus, our review of the record has not revealed any issues which would support an assignment of error on appeal. Accordingly, appellate counsel's motion to withdraw is granted.

## DECREE

The convictions and sentences of the defendant, Demetricius Young, are affirmed. Appellate counsel's motion to withdraw is granted.

**AFFIRMED. MOTION TO WITHDRAW GRANTED.**