NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-609


STATE OF LOUISIANA

VERSUS

MICHAEL CALVIN DUHON

IN RE: MICHAEL GREGORY


\*\*\*\*\*\*\*\*\*\*

ON APPLICATION FOR SUPERVISORY WRIT FROM THE
15TH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2019-OP-3225
HONORABLE MARILYN CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and John E. Conery, Judges.

Pickett, J., dissents and would deny the writ.


WRIT GRANTED IN PART AND MADE PREEMPTORY;
WRIT NOT CONSIDERED IN PART.

Dane S. Ciolino
Dane S. Ciolino, LLC
18 Franham Place
Metairie, Louisiana  70005
(504) 975-3263
COUNSEL FOR DEFENDANT/APPLICANT:
     Michael Gregory

Michael Gregory
Assistant Public Defender
600 Jefferson Street, Suite 902
Lafayette, Louisiana  70501
(337) 232-9345
PRO-SE COUNSEL FOR DEFENDANT/APPLICANT:
     Michael Gregory

Honorable Keith A. Stutes
District Attorney
Fifteenth Judicial District
Post Office Box 3306
Lafayette, Louisiana  70502
(337) 232-5170
COUNSEL FOR THE STATE OF LOUISIANA

**CONERY, Judge.**

Attorney Michael Gregory was found to be in criminal contempt of court for videotaping on his cell phone an incident involving the forcible "gagging" of Michael Duhon, a criminal defendant, during Mr. Duhon's sentencing hearing. Attorney Gregory was specifically accused of violating La.Dist.Ct.R. 6.1(e), which states: "**A judge should prohibit** broadcasting, televising, recording, or the taking of photographs in the courtroom and areas immediately adjacent thereto, at least during sessions of court or recesses between sessions." (Emphasis added.) *See* Code of Judicial Conduct Canon 3(A.)(9)[1].

We find that the rule in question, as well as the judicial canon, is directed only at judicial conduct. Since there is no evidence in the record to support a finding that Attorney Gregory violated any order of the trial judge or specific Rule of Court, we reverse Attorney Gregory's conviction and sentence for criminal contempt of court. Based on our ruling on this issue, we pretermit ruling on Attorney Gregory's remaining assignments of error.

## FACTS AND PROCEDURAL HISTORY

Michael Gregory is a licensed attorney practicing criminal law in Lafayette Parish and the Fifteenth Judicial District Court. Though he was not counsel of record for the defendant Michael Duhon at Mr. Duhon's sentencing hearing, he was present during the hearing and had consulted with Mr. Duhon's attorney during the handling of the case. During the sentencing hearing of Mr. Duhon, Attorney Gregory used his cell phone to videotape deputies forcibly "gagging" Mr. Duhon using duct tape

---

[1] Canon 3(A.)(9) of the Code of Judicial Conduct states: "Except as herein provided a judge shall prohibit broadcasting, televising, recording, or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions."

on order of the trial judge, an action taken after multiple warnings by the trial judge for Mr. Duhon to remain quiet and let his attorney handle the hearing.[2]

In this case, after an assistant district attorney noticed Attorney Gregory hold his cell phone up to video tape the "gagging" of the defendant Duhon, he asked to approach the bench and informed the trial judge of Attorney Gregory's actions. Attorney Gregory was then called to the bench and admitted that he had in fact used his cell phone to video tape the deputies forcibly "gagging" the defendant during sentencing, and then forwarding the video to his law firm. When asked why he had done so, he stated that he found the incident "highly egregious."

The trial judge then found Attorney Gregory to be in direct contempt of court. Though Attorney Gregory admitted his conduct, instead of sentencing Attorney Gregory for contempt, the trial judge, noting that she did not personally witness the incident, decided to forgo a finding of direct contempt and scheduled a hearing by rule to show cause utilizing the procedure for an "indirect contempt", specifically citing Attorney Gregory for violating La.Dist.Ct.R. 6.1(e), only. At the hearing held on July 26, 2019, the trial judge denied Attorney Gregory's motion to continue and his motion to recuse, and proceeded to conduct the hearing. Though Attorney Gregory's counsel assigns the denial of the continuance and recusal as error, we decline to consider these issues and instead rule on the merits.

A review of Mr. Michael Duhon's sentencing transcript shows that the trial judge, after specifically warning Defendant Duhon on many occasions to remain silent and let his attorney handle the hearing, finally ordered the bailiffs to "gag" Defendant Duhon. The entire incident lasted only forty-one (41) seconds, according

---

[2] A review of the transcript shows the trial judge was interrupted at least seventeen (17) times.

2

to the video tape of the "gagging" incident by Attorney Gregory filed as a sealed exhibit. Before she ordered the defendant "gagged," the trial judge indicated that she had no reasonable alternative under the circumstances. Indeed, La.Code Crim.P. art. 835 states in pertinent part: "In felony cases, a defendant **shall always be present** when sentence is pronounced." (Emphasis added.) *See also State v. Debarge*, 14-798 (La.App. 3 Cir. 3/18/15), 159 So.3d 526; *State v. Baronet*, 13-986 (La.App. 3 Cir. 2/12/14), 153 So.3d 1112.

After the duct tape was removed, even though Mr. Duhon promised to "be quiet" and let his attorney speak for him, the transcript shows that the trial judge was interrupted at least fifteen (15) additional times before the sentencing was completed.

The trial judge is charged directly by Canon 3(A.)(9) to prohibit recording or videotaping during court proceedings, especially important during a criminal sentencing hearing. The Fifteenth Judicial District Court did not publish a local court rule specifically prohibiting attorneys from videotaping court proceedings using their cell phones. It was admitted by Attorney Gregory at the contempt hearing that he knew there was a sign posted that says, "no cellphones in the court house," but it was his understanding that by local custom, attorneys were allowed to have their cell phones during court proceedings. The trial judge noted in her oral reasons that while attorneys were allowed to have cell phones in the courtroom, as officers of the court, attorneys were expected to use their phone responsibly for legitimate purposes, certainly not for videotaping criminal court proceedings. Though there was no specific rule, the trial judge believed all attorneys were familiar with the local custom of responsible cell phone use. Nevertheless, we are constrained to agree with

3

Attorney Gregory's argument that the specific court rule he was accused of violating, Rule 6.1(e), is directed only at the judge's duties and not his as an attorney.

The trial judge mentioned that she could have cited Attorney Gregory for direct contempt for general courtroom behavior that was disruptive to the business of the court and an affront to the dignity of the court under Rule 6.1(a) and (b), but because Attorney Gregory's hearing was specifically limited to a violation of Rule 6.l(e), stating only that "a judge **should** prohibit . . . recording, or the taking of photographs in the courtroom[,]" there is no direct rule affecting lawyer conduct proven in the record before us. We further note that although pursuant to Rule 6.1(f) "[a] judge may prohibit the use of electronic devices, including cellular telephones . . . in a courtroom[,]" there is nothing in this record to show that such a rule was in effect at the time of defendant's admitted conduct. Nor was it proven that there was a specific order by this trial judge, either on her web site or by oral order at defendant Duhon's sentencing hearing, that cell phone use by attorneys in the courtroom during court proceedings was prohibited and may result in a contempt finding.

### CONCLUSION

We are unable to uphold a finding of contempt of court against Attorney Gregory under the peculiar circumstances of this case. Accordingly, Attorney Gregory's conviction and sentence for contempt of court are vacated. Any fines paid by Attorney Gregory for contempt are ordered returned to him by the Lafayette Parish Sheriff. We decline to consider the remainder of Attorney Gregory's claims.

**WRIT GRANTED IN PART AND MADE PEREMPTORY;**
**WRIT NOT CONSIDERED IN PART.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.